**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NICOLE MARIE CRUZ<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | C.A. No. 05 038 S |

## NOTICE OF REMOVAL

Now comes the defendant, Hartford Casualty Insurance Company, (hereinafter "Defendant"), and hereby petitions for the removal of this action from the Providence County Superior Court of the State of Rhode Island, where it is now pending as Civil Action Number PC2005-0215, to the United States District Court for the District of Rhode Island, pursuant to 28 USC § 1441 *et. seq. The United States District Court for the District of Rhode Island has jurisdiction over this matter based on the court's diversity jurisdiction, Title 28 § 1332.* In support of this notice, defendant states:

1. The plaintiff, Nicole Marie Cruz is a citizen of the State of Rhode Island.

2. The defendant, Hartford Casualty Insurance Company is incorporated in the State of Connecticut with its principal place of business located in Hartford, Connecticut.

3. Based on a fair reading of the plaintiff's complaint, damages in this action exceed the sum of $75,000.

4. There is and was complete diversity between the plaintiff and the defendant at the time the complaint was filed in State Court and at the time defendant seeks the removal of this action.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on the defendant are attached and incorporated by reference to this petition as set forth in defendant's Exhibit "A".

6. Pursuant to 28 USC § 1446(b), this notice is filed within thirty (30) days of plaintiff's service of her complaint on the defendant. Pursuant to 28 USC § 1446(d) a copy of this Notice of Removal is being filed with the Clerk of the Providence County Superior Court for the State of Rhode Island and a copy is being served upon plaintiff's counsel.

7. Pursuant to Local Rule 36(b) and General Order 2003-01, a certified docket sheet of all State Court records and proceedings and a certified or attested copy of all State Court docket entries will be filed within the next 10 days.

WHEREFORE, defendant, hereby petitions to remove this action now pending in the Providence County Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island for the aforesaid reasons.

HARTFORD CASUALTY INSURANCE COMPANY,
By its Attorneys,

**MORRISON MAHONEY LLP**

Michael J. Marcello, #5221
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: February 1, 2005

**CERTIFICATION**

I hereby certify that on the 1st day of February, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903

Clerk
Providence County Superior Court
250 Benefit Street
Providence, RI 02903

Katy Nerchugo [signature]



582600v1

"A"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, RI 02903 - 4233
TELEPHONE NO. (401) 222-2223

FAX No. (401) 222-5475
TDD No. (401) 222-2999

January 19, 2005

Hartford Casualty Insurance Company
CT Corporation System
10 Weybosset Street
Providence RI 02903

Dear Sir or Madam:

Enclosed is a copy of a summons served upon me in the case of:

Nicole Marie Cruz

vs

Hartford Casualty Insurance Company

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Associate Director/Superintendent of Insurance

DMA
Enclosures

CERTIFIED MAIL

6935840

32559

CT System

**Service of Process Transmittal Form**
**Providence, Rhode Island**

RECEIVED

01/21/2005
**Via Federal Express (2nd Day**

JAN 25 '05

SELECT LITIGATION/CLAIM

LAW DEPARTMENT

JAN 24 '05

RECEIVED

TO: Michael Johnson Legal Assistant
The Hartford
Hartford Plaza
690 Asylum Avenue, HO-1-09
Hartford, CT 06115-0000

Phone: (860) 547-2270 ex:
FAX: (860) 547-6959
EMAIL: MICHAEL.JOHNSON@THEHARTFORD.COM

**RE: PROCESS SERVED IN RHODE ISLAND**

**FOR** Hartford Casualty Insurance Company Domestic State: In

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**1. TITLE OF ACTION:** Nicole Marie Cruz, Pltf. vs Hartford Casualty Insurance Company, Dft.

**2. DOCUMENT(S) SERVED:** Letter from Department of Business Regulation, Insurance Division, Summons, Complaint

**3. COURT:** Superior Court for Providence/Bristol
Case Number None Stated

**4. NATURE OF ACTION:** Declaratory Judgment

**5. ON WHOM PROCESS WAS SERVED:** CT Corporation System, Providence, Rhode Island

**6. DATE AND HOUR OF SERVICE:** By Certified mail on 01/21/2005 with Postmarked Date 01/20/2005

**7. APPEARANCE OR ANSWER DUE:** Within 20 days

**8. ATTORNEY(S):** Gregory L. Boyer, Esq.
170 Westminster Street
Providence, RI 02903

**9. REMARKS:** I-Note sent 01/21/2005 to MICHAEL.JOHNSON@THEHARTFORD.COM

**SIGNED** CT Corporation System
**PER** Supervisor of Process /SP
**ADDRESS** 10 Weybosset Street - 9th Floor
Providence, RI 02903
SOP WS 0006935840

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE NO. 05-0215

NICOLE MARIE CRUZ
Plaintiff

vs.

HARTFORD CASUALTY INSURANCE COMPANY
Defendant

*Summons*

**PLEASE SERVE:**

Insurance Commissioner
233 Richmond Street
Providence, RI 02903

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon Gregory L. Boyer, Esquire, Plaintiff's attorney, whose address is 170 Westminster Street, Suite 200, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: January 14, 2005

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

......Prov......SC

1:30 pm

## PROOF OF SERVICE

I hereby certify that on the 14 day of January 2005 I served a copy of this summons and a copy of the complaint received therewith upon ......Hartford Casualty Insurance Co...... in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house. ........................................ with a person of suitable age and discretion then residing therein. (address)

By leaving a copy of the summons and complaint at his usual place of abode. ........................................ with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ......c/o Insurance Commissioner 2.23 Hu

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

........................................

........................................

........................................

Sheriff's Fees

Travel . . . . . . $ ......30—

Service. . . . . . $ ......5, post

$ ......35.00 total

........................................

Deputy Sheriff

CIVIL ACTION

FILE NO. ........................................

SUMMONS

SUPERIOR COURT

NICOLE MARIE CRUZ.

VS

HARTFORD CASUALTY INSURANCE COMPANY

Gregory L. Boyer, Esquire #3285
170 Westminster St., Suite 200
Providence, RI 02903
ATTORNEY FOR PLAINTIFF

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NICOLE MARIE CRUZ

-vs-

HARTFORD CASUALTY INSURANCE COMPANY

C.A. NO. 05-0215

LAW DEPARTMENT
JAN 24 '05
RECEIVED

COMPLAINT

PARTIES

1. Plaintiff, Nicole Marie Cruz, is at all times relevant hereto an individual residing at 116 Chad Brown Street, 3rd Floor, City of Providence, State of Rhode Island.

2. Defendant, Hartford Casualty Insurance Company, is an insurance company organized under the laws of the State of Connecticut, with the defendant's principal place of business in Hartford, Connecticut, and with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

FACTS AND TRAVEL OF THE CASE

3. In or about March of 2004 plaintiff, Nicole Marie Cruz, filed a complaint in the Providence County Superior Court, being Case No. 2004-1146, entitled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, Growing Family First Impressions, and John Doe Corporation.*

4. On or about March 26, 2004, an amended complaint was filed naming First Impressions Imaging, Inc., as a defendant.

5. The basis of the allegations of the amended complaint were that the defendant intentionally and/or negligently inflicted emotional distress upon the plaintiff. The factual allegations asserted in the complaint that on or about March 16, 2001, the plaintiff, Nicole Marie Cruz, while at the defendant, Women & Infants' Hospital of Rhode Island, gave birth to twin children, one of whom was stillborn and one of whom deceased after five minutes. The complaint further alleged inter alia that the defendant photographed the deceased children and delivered those photographs to the plaintiff with words of congratulations on the face of a number of the photographs of the deceased children. The complaint further alleged that the emotional distress resulted in objectively measurable physical symptoms and mental injury.

6. First Impressions Imaging, Inc., upon notification of the lawsuit, contacted their insurance carrier, Hartford Casualty Insurance Company, and requested defense and indemnification under its special multi-flex policy, Policy No. 65 UUN IP7399, and under its umbrella liability policy, Policy No. 65 RHU IP5060.

7. Correspondence was exchanged between counsel for First Impressions Imaging, Inc., and Hartford Casualty Insurance Company, which correspondence from Hartford Casualty Insurance Company denied any duty to indemnify and denied any duty to defend based upon the allegations of the complaint made by the plaintiff in the underlying action.

8. On November 11, 2004, after Hartford Casualty Insurance Company had refused to defend and indemnify First Impressions Imaging, Inc., which was a wholly owned subsidiary of Pixel Magic Imaging, Inc., First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., executed a joint tort feasor settlement release and indemnity agreement calling for the payment of One Million ($1,000,000.00) Dollars by First Impressions Imaging, Inc., and Pixel Magic

Imaging, Inc., which were their policy limits in the special multi-flex policy No. 65 UUN IP7399.

9. On the same date, November 11, 2004, First Impressions Imaging, Inc., Pixel Magic Imaging, Inc., and the plaintiff, Nicole Marie Cruz, executed an agreement assigning any and all causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and refusal to indemnify them as regards the underlying lawsuit for negligent and intentional infliction of emotional distress.

COUNT I – DECLARATORY JUDGMENT

10. Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 9 of this complaint.

11. Plaintiff, having received all of the rights of First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., by virtue of the assignment agreement executed on November 11, 2004, seeks determination pursuant to § 9, Chapter 30, of Rhode Island General Laws, that the defendant wrongfully refused to defend and/or indemnify First Impressions Imaging, Inc., in the underlying action, and that the refusal of the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify constituted an abandonment of the insured under the terms of the policy, and constituted a breach of the contractual obligation under the policy.

12. The plaintiff requests that the court enter a declaratory judgment that the defendant breached its duty to defend and/or indemnify First Impressions Imaging, Inc., for the claims asserted by the plaintiff in the underlying action.

13. The plaintiff requests that the court enter a declaratory judgment in favor of the plaintiff enforcing the settlement agreement entered into between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., against the defendant, Hartford Casualty Insurance Company, pursuant to the law enunciated in *Conanicut Marine Services, Inc. v. Insurance Company of North America*, 511 A.2d 967 (1986).

WHEREFORE, plaintiff, Nicole Marie Cruz, demands judgment against the defendant, Hartford Casualty Insurance Company, in the amount of the terms of the settlement agreement, One Million ($1,000,000.00) Dollars, plus interest and costs.

COUNT II – BAD FAITH

14. The plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13 of this complaint.

15. On November 11, 2004, the plaintiff and Pixel Magic Imaging, Inc., and First Impressions Imaging, Inc., entered an assignment agreement which assigned to the plaintiff any and all claims or causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and/or indemnify First Impressions Imaging, Inc., or Pixel Magic Imaging, Inc., from the underlying lawsuit.

16. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith breached its agreement under the policies of insurance which it issued to First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., which called for the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify First Impressions Imaging, Inc., and Pixel

Magic Imaging, Inc., from the complaint filed by the plaintiff, Nicole Marie Cruz, in the underlying Superior Court action.

17. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith refused to pay or settle the plaintiff's claims under the terms of the settlement agreement entered into on November 11, 2004, between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc.

WHEREFORE, the plaintiff, Nicole Marie Cruz, demands judgment in a sum sufficient to compensate for the bad faith actions of the defendant, Hartford Casualty Insurance Company, plus interest, costs, and attorneys fees.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

DATE: January 14, 2005