1001-7537

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NICOLE MARIE CRUZ<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | **C.A. NO. 05-038S** |

**CERTIFICATION OF STATE COURT RECORDS**

Pursuant to Local Rule 36(b) and General Order 2003-01, the defendant, Hartford Casualty Insurance Company, hereby submits a certified copy of the entire State Court docket as attached and incorporated by reference to this certification.

HARTFORD CASUALTY INSURANCE COMPANY,
By its Attorneys,

**MORRISON MAHONEY LLP**

Michael J. Marcello, #5221
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: February 2, 2005

3

**CERTIFICATION**

I hereby certify that on the 3rd day of February, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903

Katy N. Bardugo

11 A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
FEB 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

NICOLE MARIE CRUZ

vs.

HARTFORD CASUALTY INSURANCE COMPANY

C.A. NO. 05-0383

**NOTICE OF REMOVAL**

Now comes the defendant, Hartford Casualty Insurance Company, (hereinafter "Defendant"), and hereby petitions for the removal of this action from the Providence County Superior Court of the State of Rhode Island, where it is now pending as Civil Action Number PC2005-0215, to the United States District Court for the District of Rhode Island, pursuant to 28 USC § 1441 *et. seq. The United States District Court for the District of Rhode Island has jurisdiction over this matter based on the court's diversity jurisdiction, Title 28 § 1332.* In support of this notice, defendant states:

1. The plaintiff, Nicole Marie Cruz is a citizen of the State of Rhode Island.

2. The defendant, Hartford Casualty Insurance Company is incorporated in the State of Connecticut with its principal place of business located in Hartford, Connecticut.

3. Based on a fair reading of the plaintiff's complaint, damages in this action exceed the sum of $75,000.

4. There is and was complete diversity between the plaintiff and the defendant at the time the complaint was filed in State Court and at the time defendant seeks the removal of this action.

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on the defendant are attached and incorporated by reference to this petition as set forth in defendant's Exhibit "A".

6. Pursuant to 28 USC § 1446(b), this notice is filed within thirty (30) days of plaintiff's service of her complaint on the defendant. Pursuant to 28 USC § 1446(d) a copy of this Notice of Removal is being filed with the Clerk of the Providence County Superior Court for the State of Rhode Island and a copy is being served upon plaintiff's counsel.

7. Pursuant to Local Rule 36(b) and General Order 2003-01, a certified docket sheet of all State Court records and proceedings and a certified or attested copy of all State Court docket entries will be filed within the next 10 days.

WHEREFORE, defendant, hereby petitions to remove this action now pending in the Providence County Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island for the aforesaid reasons.

HARTFORD CASUALTY INSURANCE COMPANY,
By its Attorneys,

**MORRISON MAHONEY LLP**

Michael J. Marcello, #5221
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: February 1, 2005

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island



582600v1

# State of Rhode Island and Providence Plantations

..........Prov..........SC

## PROOF OF SERVICE

1:30 pm

I hereby certify that on the 14 day of January 2005 I served a copy of this summons and a copy of the complaint received therewith upon Hartford Casualty Insurance Co. in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house. .............................................................. with a person of suitable age and discretion then residing therein. (address)

By leaving a copy of the summons and complaint at his usual place of abode, .............................................................. with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely c/o Insurance Commissioner 233 Richmond

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................................................

..............................................................

..............................................................

Sheriff's Fees

Travel . . . . . . $ 30—

Service. . . . . $ 5. post

$ 35.00 total

Deputy Sheriff

CIVIL ACTION

FILE NO. ..............................

SUMMONS

SUPERIOR COURT

NICOLE MARIE CRUZ.

VS

HARTFORD CASUALTY INSURANCE COMPANY

Gregory L. Boyer, Esquire #3285
170 Westminster St., Suite 200
Providence, RI 02903
ATTORNEY FOR PLAINTIFF

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

112

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NICOLE MARIE CRUZ

-vs-

HARTFORD CASUALTY INSURANCE COMPANY

: C.A. NO. 05-0215

LAW DEPARTMENT
JAN 24 '05
RECEIVED

## COMPLAINT

### PARTIES

1. Plaintiff, Nicole Marie Cruz, is at all times relevant hereto an individual residing at 116 Chad Brown Street, 3rd Floor, City of Providence, State of Rhode Island.

2. Defendant, Hartford Casualty Insurance Company, is an insurance company organized under the laws of the State of Connecticut, with the defendant's principal place of business in Hartford, Connecticut, and with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

### FACTS AND TRAVEL OF THE CASE

3. In or about March of 2004 plaintiff, Nicole Marie Cruz, filed a complaint in the Providence County Superior Court, being Case No. 2004-1146, entitled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, Growing Family First Impressions, and John Doe Corporation.*

4. On or about March 26, 2004, an amended complaint was filed naming First Impressions Imaging, Inc., as a defendant.

rue Copy Attest

Office of Clerk of Superior Court
ounties of Providence & Bristol
Providence, Rhode Island

5. The basis of the allegations of the amended complaint were that the defendant intentionally and/or negligently inflicted emotional distress upon the plaintiff. The factual allegations asserted in the complaint that on or about March 16, 2001, the plaintiff, Nicole Marie Cruz, while at the defendant, Women & Infants' Hospital of Rhode Island, gave birth to twin children, one of whom was stillborn and one of whom deceased after five minutes. The complaint further alleged inter alia that the defendant photographed the deceased children and delivered those photographs to the plaintiff with words of congratulations on the face of a number of the photographs of the deceased children. The complaint further alleged that the emotional distress resulted in objectively measurable physical symptoms and mental injury.

6. First Impressions Imaging, Inc., upon notification of the lawsuit, contacted their insurance carrier, Hartford Casualty Insurance Company, and requested defense and indemnification under its special multi-flex policy, Policy No. 65 UUN IP7399, and under its umbrella liability policy, Policy No. 65 RHU IP5060.

7. Correspondence was exchanged between counsel for First Impressions Imaging, Inc., and Hartford Casualty Insurance Company, which correspondence from Hartford Casualty Insurance Company denied any duty to indemnify and denied any duty to defend based upon the allegations of the complaint made by the plaintiff in the underlying action.

8. On November 11, 2004, after Hartford Casualty Insurance Company had refused to defend and indemnify First Impressions Imaging, Inc., which was a wholly owned subsidiary of Pixel Magic Imaging, Inc., First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., executed a joint tort feasor settlement release and indemnity agreement calling for the payment of One Million ($1,000,000.00) Dollars by First Impressions Imaging, Inc., and Pixel Magic

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Imaging, Inc., which were their policy limits in the special multi-flex policy No. 65 UUN IP7399.

9. On the same date, November 11, 2004, First Impressions Imaging, Inc., Pixel Magic Imaging, Inc., and the plaintiff, Nicole Marie Cruz, executed an agreement assigning any and all causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and refusal to indemnify them as regards the underlying lawsuit for negligent and intentional infliction of emotional distress.

## COUNT I – DECLARATORY JUDGMENT

10. Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 9 of this complaint.

11. Plaintiff, having received all of the rights of First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., by virtue of the assignment agreement executed on November 11, 2004, seeks determination pursuant to § 9, Chapter 30, of Rhode Island General Laws, that the defendant wrongfully refused to defend and/or indemnify First Impressions Imaging, Inc., in the underlying action, and that the refusal of the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify constituted an abandonment of the insured under the terms of the policy, and constituted a breach of the contractual obligation under the policy.

12. The plaintiff requests that the court enter a declaratory judgment that the defendant breached its duty to defend and/or indemnify First Impressions Imaging, Inc., for the claims asserted by the plaintiff in the underlying action.

rue Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

13. The plaintiff requests that the court enter a declaratory judgment in favor of the plaintiff enforcing the settlement agreement entered into between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., against the defendant, Hartford Casualty Insurance Company, pursuant to the law enunciated in *Conanicut Marine Services, Inc. v. Insurance Company of North America*, 511 A.2d 967 (1986).

WHEREFORE, plaintiff, Nicole Marie Cruz, demands judgment against the defendant, Hartford Casualty Insurance Company, in the amount of the terms of the settlement agreement, One Million ($1,000,000.00) Dollars, plus interest and costs.

**COUNT II – BAD FAITH**

14. The plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13 of this complaint.

15. On November 11, 2004, the plaintiff and Pixel Magic Imaging, Inc., and First Impressions Imaging, Inc., entered an assignment agreement which assigned to the plaintiff any and all claims or causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and/or indemnify First Impressions Imaging, Inc., or Pixel Magic Imaging, Inc., from the underlying lawsuit.

16. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith breached its agreement under the policies of insurance which it issued to First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., which called for the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify First Impressions Imaging, Inc., and Pixel

rue Copy Attest



Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Magic Imaging, Inc., from the complaint filed by the plaintiff, Nicole Marie Cruz, in the underlying Superior Court action.

17. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith refused to pay or settle the plaintiff's claims under the terms of the settlement agreement entered into on November 11, 2004, between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc.

WHEREFORE, the plaintiff, Nicole Marie Cruz, demands judgment in a sum sufficient to compensate for the bad faith actions of the defendant, Hartford Casualty Insurance Company, plus interest, costs, and attorneys fees.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

DATE: January 14, 2005

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence. Rhode Island

STATE OF RHODE ISLAND D PROVIDENCE PLANTATIONS
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES
SUPERIOR COURT CIVIL INFORMATION SYSTEM



DOCKET EVENT LISTING

CASE NO.: PC2005 0215 TYPE DECLARATORY JUDGEMENT
TITLE: NICOLE M CRUZ V HARTFORD CASUALTY INS CO
FILING DATE: 01-14-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| CRUZ,NICOLE M | PLF | Boyer,Gregory L. | AOR |
| HARTFORD CASUALTY INSURANCE CO | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

KRH 01-14-2005
ENTRY OF APPEARANCE FILED
Boyer,Gregory L.
FOR PLF.
PMA 02-01-2005
NOTICE OF REMOVAL
PMA 02-01-2005
CASE REMOVED TO U.S. DISTRICT CT

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

113"

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

**ENTRY OF APPEARANCE**
**CIVIL ACTION**

| CASE # | | ATTORNEY REGISTRATION # |
|---|---|---|
| 05-216 | ❑ SUPREME COURT<br>☒ SUPERIOR COURT } PROVIDENCE (COUNTY/DIVISION)<br>❑ DISTRICT COURT | 3285 |

NICOLE MARIE CRUZ

VS

HARTFORD CASUALTY INSURANCE COMPANY

VS

I HEREBY ENTER MY APPEARANCE FOR:

☒ Plaintiff ❑ 3rd Party Plaintiff ❑ Appellee
❑ Defendant ❑ 3rd Party Defendant ❑ Appellant

(Please Print or Type)

Gregory L. Boyer, Esquire
ATTORNEY

170 Westminster Street, Suite 200
Providence, RI 02903
ADDRESS

EOA

[signature] 1/14/05
SIGNATURE DATE

White - Clerk's Office Copy Yellow - Opposing Attorney's Copy Pink - Attorney's Copy S-205

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office) 05-215

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| NICOLE MARIE CRUZ | HARTFORD CASUALTY INSURANCE COMPANY |

NATURE OF PROCEEDING—Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 JAN 14 A 10:54

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAB Arbitration / vacate |

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

Other than above (specify type):

this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☐ Jury or ☒ Non-jury

ttorney name and Registration # Gregory L. Boyer, Esquire #3285 1/14/05 (Date)

Pro se/Name ____________________

-223 (Rev. 11/00)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NICOLE MARIE CRUZ :
:
-vs- : C.A. NO. 05-219
:
HARTFORD CASUALTY INSURANCE :
COMPANY :

**COMPLAINT**

PARTIES

1. Plaintiff, Nicole Marie Cruz, is at all times relevant hereto an individual residing at 116 Chad Brown Street, 3rd Floor, City of Providence, State of Rhode Island.

2. Defendant, Hartford Casualty Insurance Company, is an insurance company organized under the laws of the State of Connecticut, with the defendant's principal place of business in Hartford, Connecticut, and with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 JAN 14 A 10:57

FACTS AND TRAVEL OF THE CASE

3. In or about March of 2004 plaintiff, Nicole Marie Cruz, filed a complaint in the Providence County Superior Court, being Case No. 2004-1146, entitled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, Growing Family First Impressions, and John Doe Corporation.*

4. On or about March 26, 2004, an amended complaint was filed naming First Impressions Imaging, Inc., as a defendant.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
3285
126239

5. The basis of the allegations of the amended complaint were that the defendant intentionally and/or negligently inflicted emotional distress upon the plaintiff. The factual allegations asserted in the complaint that on or about March 16, 2001, the plaintiff, Nicole Marie Cruz, while at the defendant, Women & Infants' Hospital of Rhode Island, gave birth to twin children, one of whom was stillborn and one of whom deceased after five minutes. The complaint further alleged inter alia that the defendant photographed the deceased children and delivered those photographs to the plaintiff with words of congratulations on the face of a number of the photographs of the deceased children. The complaint further alleged that the emotional distress resulted in objectively measurable physical symptoms and mental injury.

6. First Impressions Imaging, Inc., upon notification of the lawsuit, contacted their insurance carrier, Hartford Casualty Insurance Company, and requested defense and indemnification under its special multi-flex policy, Policy No. 65 UUN IP7399, and under its umbrella liability policy, Policy No. 65 RHU IP5060.

7. Correspondence was exchanged between counsel for First Impressions Imaging, Inc., and Hartford Casualty Insurance Company, which correspondence from Hartford Casualty Insurance Company denied any duty to indemnify and denied any duty to defend based upon the allegations of the complaint made by the plaintiff in the underlying action.

8. On November 11, 2004, after Hartford Casualty Insurance Company had refused to defend and indemnify First Impressions Imaging, Inc., which was a wholly owned subsidiary of Pixel Magic Imaging, Inc., First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., executed a joint tort feasor settlement release and indemnity agreement calling for the payment of One Million ($1,000,000.00) Dollars by First Impressions Imaging, Inc., and Pixel Magic

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Imaging, Inc., which were their policy limits in the special multi-flex policy No. 65 UUN IP7399.

9. On the same date, November 11, 2004, First Impressions Imaging, Inc., Pixel Magic Imaging, Inc., and the plaintiff, Nicole Marie Cruz, executed an agreement assigning any and all causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and refusal to indemnify them as regards the underlying lawsuit for negligent and intentional infliction of emotional distress.

COUNT I – DECLARATORY JUDGMENT

10. Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 9 of this complaint.

11. Plaintiff, having received all of the rights of First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., by virtue of the assignment agreement executed on November 11, 2004, seeks determination pursuant to § 9, Chapter 30, of Rhode Island General Laws, that the defendant wrongfully refused to defend and/or indemnify First Impressions Imaging, Inc., in the underlying action, and that the refusal of the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify constituted an abandonment of the insured under the terms of the policy, and constituted a breach of the contractual obligation under the policy.

12. The plaintiff requests that the court enter a declaratory judgment that the defendant breached its duty to defend and/or indemnify First Impressions Imaging, Inc., for the claims asserted by the plaintiff in the underlying action.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

13. The plaintiff requests that the court enter a declaratory judgment in favor of the plaintiff enforcing the settlement agreement entered into between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., against the defendant, Hartford Casualty Insurance Company, pursuant to the law enunciated in *Conanicut Marine Services, Inc. v. Insurance Company of North America,* 511 A.2d 967 (1986).

WHEREFORE, plaintiff, Nicole Marie Cruz, demands judgment against the defendant, Hartford Casualty Insurance Company, in the amount of the terms of the settlement agreement, One Million ($1,000,000.00) Dollars, plus interest and costs.

COUNT II – BAD FAITH

14. The plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13 of this complaint.

15. On November 11, 2004, the plaintiff and Pixel Magic Imaging, Inc., and First Impressions Imaging, Inc., entered an assignment agreement which assigned to the plaintiff any and all claims or causes of action that Pixel Magic Imaging, Inc., or First Impressions Imaging, Inc., had against Hartford Casualty Insurance Company for Hartford Casualty Insurance Company's refusal to defend and/or indemnify First Impressions Imaging, Inc., or Pixel Magic Imaging, Inc., from the underlying lawsuit.

16. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith breached its agreement under the policies of insurance which it issued to First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., which called for the defendant, Hartford Casualty Insurance Company, to defend and/or indemnify First Impressions Imaging, Inc., and Pixel

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Magic Imaging, Inc., from the complaint filed by the plaintiff, Nicole Marie Cruz, in the underlying Superior Court action.

17. The defendant, Hartford Casualty Insurance Company, has wrongfully and in bad faith refused to pay or settle the plaintiff's claims under the terms of the settlement agreement entered into on November 11, 2004, between the plaintiff and First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc.

WHEREFORE, the plaintiff, Nicole Marie Cruz, demands judgment in a sum sufficient to compensate for the bad faith actions of the defendant, Hartford Casualty Insurance Company, plus interest, costs, and attorneys fees.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

DATE: January 14, 2005

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island