1001-7537

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
FEB 18 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICOLE MARIE CRUZ<br>Plaintiff, | ) | |
| v. | ) | DOCKET NO: **05-038 S** |
| HARTFORD CASUALTY INSURANCE COMPANY<br>Defendant. | ) | |

**ANSWER OF DEFENDANT**
**HARTFORD CASUALTY INSURANCE COMPANY AND COUNTER-CLAIM**

Now comes the defendant, Hartford Casualty Insurance Company, and for its answer to the Complaint responds paragraph by paragraph as follows:

**PARTIES**

1. The defendant admits the allegations contained in this paragraph.

2. The defendant admits the allegations contained in this paragraph.

**FACTS AND TRAVEL OF THE CASE**

3. The defendant admits the allegations contained in this paragraph.

4. The defendant admits the allegations contained in this paragraph.

5. Said allegations are denied to the extent that they seek to vary or paraphrase the allegations in the plaintiff's Complaint, which are the best evidence of the actual claims asserted therein.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant admits the allegations contained in this paragraph.

1001-7537

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICOLE MARIE CRUZ<br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br>Defendant. | 05-38S<br>DOCKET NO: 1:04CV01093 |

**ANSWER OF DEFENDANT**
**HARTFORD CASUALTY INSURANCE COMPANY AND COUNTER-CLAIM**

Now comes the defendant, Hartford Casualty Insurance Company, and for its answer to the Complaint responds paragraph by paragraph as follows:

**PARTIES**

1. The defendant admits the allegations contained in this paragraph.

2. The defendant admits the allegations contained in this paragraph.

**FACTS AND TRAVEL OF THE CASE**

3. The defendant admits the allegations contained in this paragraph.

4. The defendant admits the allegations contained in this paragraph.

5. Said allegations are denied to the extent that they seek to vary or paraphrase the allegations in the plaintiff's Complaint, which are the best evidence of the actual claims asserted therein.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant admits the allegations contained in this paragraph.

(4)

8. The defendant admits that it declined to provide a defense to this suit and that its insureds attempted to assign certain choses in action to Cruz as recited in a written Agreement, which is itself the best evidence of its terms.

9, Defendant admits that the November 11, 2004 Agreement purports to assign said rights to plaintiff but denies that said assignment was valid or enforceable.

**COUNT I – DECLARATORY JUDGMENT**

10. The defendant repeats and realleges its responses to paragraphs 1-9 of the plaintiff's Complaint as if fully restated and realleged herein.

11. The defendant denies the allegations contained in this paragraph.

12. This paragraph sets forth a claim for relief to which no response is required. To the extent that a response is required, said allegations are denied.

13. This paragraph sets forth a claim for relief to which no response is required. To the extent that a response is required, said allegations are denied.

**COUNT II – BAD FAITH**

14. The defendant repeats and realleges its responses to paragraphs 1-13 of the plaintiff's Complaint as if fully restated and realleged herein.

15. Defendant admits that the November 11, 2004 Agreement purports to assign said rights to plaintiff but denies that any such assignment was valid or enforceable.

16. The defendant denies the allegations contained in this paragraph.

17. The defendant denies the allegations contained in this paragraph.

**AFFIRMATIVE DEFENSES**

**AND FURTHER ANSWERING,** the defendant sets forth the following affirmative defenses to the plaintiff's Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's Complaint and each and every count therein fails to set forth a cause of action for which relief may be had against this defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not an insured under any policy issued by Hartford and lacks standing to pursue recovery against Hartford for the benefits afforded under said policies.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has no obligation to provide coverage for the claims set forth in the plaintiff's Complaint as Nicole Cruz did not suffer any "bodily injury" as that term is used and defined in the Hartford policies.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant has no obligation to provide coverage for the claims set forth in this Complaint as any injury suffered by Nicole Cruz was the result of the intentional acts of Hartford's insureds and not the result of any "accident" or "occurrence" as those terms are used and defined in the Hartford policies.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has no obligation to provide coverage for the claim set forth in this Complaint as any injuries suffered by Nicole Cruz were expected or intended by Hartford from the standpoint of Hartford's insured and were therefore excluded from coverage under the policies issued by Hartford.

**SIXTH AFFIRMATIVE DEFENSE**

Any purported assignment executed by Hartford's insureds is void and unenforceable as being in violation of the express terms and conditions of the Hartford policies.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from pursuing recovery under the Hartford policies by reason of the fact that said claims are in violation of the "no action" clause in the Hartford policies.

**EIGHTH AFFIRMATIVE DEFENSE**

Any obligations that Hartford may otherwise owe for this loss are voided by reason of its insured's failure to comply with certain conditions precedent or subsequent to coverage.

**NINTH AFFIRMATIVE DEFENSE**

Any right to recover under the Hartford policies is barred by reason of public policy in view of the intentional acts of Hartford's policyholders.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has no right to recover under Hartford's policies inasmuch as Hartford's insureds are not legally obligated to pay any damages for which recovery may be permitted under said policies.

**ELEVENTH AFFIRMATIVE DEFENSE**

Venue is improper in this Court as a more comprehensive action has previously been filed in the U.S. District Court for the Western District of Texas involving the identical claims and all interested parties.

**TWELFTH AFFIRMATIVE DEFENSE**

This action should be dismissed by reason of the plaintiff's failure to join all indispensable parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has no right to pursue a cause of action for bad faith against the Hartford as the Hartford's interpretation of its policy and handling of this claim has at all times been reasonable and in accordance with the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to pursue a cause of action for bad faith against the Hartford inasmuch as such causes of action are not assignable.

**COUNTERCLAIM OF**
**HARTFORD CASUALTY INSURANCE COMPANY**

**AND FURTHER ANSWERING,** Hartford asserts the following Counter-Claim:

1. Hartford is an insurance company organized under the laws of Connecticut. Hartford's principal place of business is in Hartford, Connecticut.

2. Defendant-in-Counterclaim Nicole Marie Cruz ("Nicole Cruz") is a Rhode Island citizen living in Providence, Rhode Island.

3. This Court has jurisdiction over this Counter-Claim pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Nicole Cruz sued Pixel Magic and First Impressions Imaging in 2004 in a lawsuit styled Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc. and John Doe Corporation; Cause No. 04-1146, in the Superior Court of Providence, Rhode Island (a copy of the Amended Complaint is attached as Exhibit A hereto).

5. In her Suit, Cruz alleged that while at Women & Infants' Hospital of Rhode Island, she gave birth to two children; that one of the children was stillborn and the other child died five minutes after birth; that following the death of her children, First Impressions posed, arranged and photographed her deceased children, and sent the photographs to her.

6. At the time of these events, Pixel Magic was insured by Hartford under a primary policy (Policy No. 65 UUN IP 7399) and an umbrella liability policy (Policy No. 65 RHU IP5060). Among their various terms, the policies provided coverage for claims for "bodily injury" that result from an "occurrence" that is not expected or intended by the insured.

7. Both of the Hartford policies were issued in Texas through a Texas insurance agent to Pixel Magic at its headquarters in San Marcos, Texas. Both policies contain various Texas Endorsements and forms issued pursuant to Texas law.

8. The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

9. "Bodily injury" was defined as meaning "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time."

10. An exclusion to the policies further states that there is no coverage for bodily injury that is "expected or intended from the standpoint of the insured."

11. Hartford declined to provide a defense to the Cruz Suit on the grounds that the intentional acts giving rise to the insured's liability were not an "occurrence" or were otherwise excluded and because emotional distress is not itself a type of "bodily injury."

12. On November 11, 2004, Pixel Magic and First Impressions executed a Joint Tortfeasor Settlement Release and Indemnity Agreement (the "Settlement Agreement"). Under the terms of the Settlement Agreement, Cruz purportedly agreed to release Pixel Magic and First Impressions from any liability relating to the claims set forth in the Underlying Lawsuit in exchange for Pixel Magic and First Impressions' assignment to Cruz of "all rights and causes of action they own against Hartford Casualty Insurance Company for denial of coverage and/or coverage under Policy #65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy") for the events alleged in the Lawsuit."

13. On December 28, 2004, Hartford commenced an action for declaratory relief against Cruz, Pixel Imaging and First Impressions. The case, which was filed in the U.S. District Court for the Western District of Texas (Hartford Casualty Insurance Co. v. Pixel Imaging, Inc., Docket No. 04-CV-1093) seeks a declaration that Hartford has no liability to Cruz or to Hartford's policyholders (Pixel or First Impressions).

14. Pursuant to this Agreement, Cruz has brought the instant action against Hartford, seeking to recover her $1 million "judgment" and certain damages based on claims of bad faith.

**Count I**
**(Invalid Assignment)**

15. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

16. The policies in question provide that:

> **TRANSFER OR RIGHTS AND DUTIES UNDER THIS POLICY**
>
> Your rights and duties under the policy may not be transferred without our written consent except in the case of death of an individual Named Insured...

17. Hartford did not give its written consent to the purported assignment of policy rights that Pixel and First Impressions gave to Cruz in November 2004.

18. Cruz is not named as an insured under the Hartford policies.

19. In absence of any valid assignment, Cruz has no right to coverage under the Hartford policies.

**Count II**
**(Breach of No Action Clause)**

20. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

21. As a condition to any liability under these policies, the Harford policies provided that:

> **Legal Action Against Us**
>
> No person or organization has a right under this Coverage Part:
>
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

21. No actual trial was held on Cruz's claims. Moreover, the purported Settlement Agreement and Assignment was not signed or approved by Hartford.

22. Because neither the Settlement Agreement nor the corresponding Assignment comply with the terms of the Policy, neither are binding upon Hartford.

23. Hartford has no contractual duty to pay any part of these claims by reason of this material breach of a condition to coverage.

24. In addition, because there was no trial between Cruz and First Impressions, the Assignment was void as against public policy. .

**Count III**
**(No "Occurrence")**

25. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

26. In her Amended Complaint, Cruz alleged that the conduct of Pixel and First Impressions in posing her dead children for photographs and then delivering said photographs to her even while recuperating in the hospital was "outrageous" (Paragraph 7) and "so extreme in degree that it exceeds all bounds usually tolerated in decent society" (Paragraph 8). Further, she stated that "conduct of the defendants was of such a nature especially calculated to cause the emotional distress that resulted" (Paragraph 9).

27. Although Count II of the Amended Complaint purports to seek recovery for "Negligent Infliction of Emotional Distress," Cruz does not allege any facts in support of said contention nor does she in any way state that the acts of the defendants were, in fact, negligent.

28. Said allegations of intentional conduct that was of such a nature that it would necessarily cause injury to the plaintiff are not covered under the Hartford policy by reason of the fact there was no "accident" here.

**Count IV**
**(No "Bodily Injury")**

29. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

30. In order to be covered under the Hartford policies, emotional distress must result from a bodily injury.

31. Although Cruz alleges that she sustained "emotional injury that resulted in objectively measurable physical and psychiatric symptoms" she does not contend that this emotional injury resulted from some bodily injury that she had sustained.

32. Absent an accidental bodily injury, emotional distress claims are not covered under the Hartford policies.



583018v1

**Count V**
**("Expected or Intended" Exclusion)**

33. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

34. The Hartford policies contain certain exclusions, including an exclusion for any bodily injury that was "expected or intended from the standpoint of the insured."

35. In Paragraph 9 of her Amended Complaint, Cruz stated that the "conduct of the defendants was of such a nature especially calculated to cause the emotional distress that resulted."

36. Hartford is relieved from any duties that it might otherwise owe by reason of the fact that these claims are excluded from coverage as having been of such a nature as necessarily to compel the conclusion that the injuries alleged by Cruz were expected or intended by the insured.

**Count VI**
**Failure to Join Indispensable Parties**

37. Hartford repeats and realleges the allegations set forth in Paragraph 1-14 of its Counter-Claim as if fully recited herein.

38. Cruz has failed to name Hartford's policyholders, Pixel and First Impressions, in her Complaint.

39. Pixel and First Impressions are indispensable parties to the resolution of any claim for coverage under the policies issued to them.

40. In the absence of said indispensable parties, Cruz' Complaint should be dismissed.

**PRAYER FOR RELIEF**

1. Hartford requests that this action be dismissed in view of the absence of indispensable parties or, in the alternative, be transferred to U.S. District Court for the Western District of Texas to be consolidated for resolution with the earlier-filed and more comprehensive action filed by Hartford there, as provided for under 28 U.S.C. Section 1404 (a).

2. In the alternative, declare that Cruz has no right to sue Hartford as she is not an insured under said policies and did not succeed to any rights held by Hartford's policyholders since the purported Assignment between Pixel Magic, First Impressions and Nicole Cruz is void and unenforceable;

3. Hartford further requests that the Court enter a declaratory judgment that Hartford has no obligations to pay any sum to Nicole Cruz for the claims set forth in her law suit by reason of the fact that the allegations of the plaintiff were outside the scope of Hartford's coverage; and

4. Hartford be awarded its attorney's fees and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

The defendant,
Hartford Casualty Insurance Company,
By its attorneys,

Michael J. Marcello, Bar No. 5221
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 03904-7141
(401) 331-4660

**CERTIFICATION**

I hereby certify that on the 7th day of February, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903

Katyrh Berdugo

004

"A"

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 04-1146

NICOLE MARIE CRUZ

Plaintiff

WOMEN & INFANTS' HOSPITAL OF RHODE ISLAND, FIRST IMPRESSIONS IMAGING, INC., and JOHN DOE CORPORATION

Defendant

## *Summons*

Please Serve:

CT Corporation System
10 Weybosset Street
Providence, RI 02903

*To the above-named Defendant:* FIRST IMPRESSIONS IMAGING, INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Gregory L. Boyer, Esquire, Plaintiff's attorney, whose address is 170 Westminster Street, Suite 200 Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature] CLERK

Dated: March 26, 2004

(Seal of the Superior Court)

FILED
MAR 3 : 2004
[initials]
C 24004

S-135 (REV. 10/00)

03/08/2004 MON 07:58 [TX/RX NO 5228]

005

# State of Rhode Island and Providence Plantations

Prov. SC

11 30 am

## PROOF OF SERVICE

I hereby certify that on the 30th day of March 2004 I served a copy of this summons and a copy of the complaint received therewith upon First Impressions Imaging Inc in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house.............................................. with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely Sec. of State

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................

..........................................................................

..........................................................................

Sheriff's Fees

Travel ......................... $ 30.00

Service ......................... $ 15.00 per Doc

$.....................

Deputy Sheriff

Constable

[illegible signature]

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

Gregory L. Boyer, Esq., #3285
170 Westminster St., Suite 20
Providence, RI 02903

WOMEN & INFANTS' HOSPITAL OF RHODE ISLAND, FIRST IMPRESSIONS IMAGING, INC., and JOHN DOE CORPORATION

vs

NICOLE MARIE CRUZ

SUPERIOR COURT

SUMMONS

FILE NO. 04-1146

CIVIL ACTION

03/08/2004 MON 07:58 [TX/RX NO 5228]

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NICOLE MARIE CRUZ

-vs-

C.A. NO.: 04-1146

WOMEN & INFANTS' HOSPITAL OF RHODE ISLAND, FIRST IMPRESSIONS IMAGING, INC., and JOHN DOE CORPORATION

**AMENDED COMPLAINT**

1. Plaintiff, Nicole Marie Cruz, at all times relevant hereto is an individual residing in the City of Providence, State of Rhode Island.

2. Defendant, Women & Infants' Hospital of Rhode Island, based upon information and belief, is a corporation organized under the laws of the State of Rhode Island, doing business therein.

3. Defendant, First Impressions Imaging, Inc., based upon information and belief, is a corporation with its principal place of business at 631 Mill Street, San Marcos, Texas 78666, with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

4. Defendant, John Doe Corporation, based upon information and belief, is an entity conducting photographic services in connection with and/or independent of defendants, Women & Infants' Hospital of Rhode Island and First Impressions Imaging, Inc., with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4. On or about March 16, 2001, plaintiff, while at the defendant, Women & Infants' Hospital of Rhode Island, gave birth to twin children, one of whom was stillborn and one of whom deceased after five minutes.

5. Subsequent to the death of the plaintiff's twins, the defendants undertook to pose, arrange, and otherwise photograph the deceased children.

6. The defendants delivered the photographs of the deceased children to the plaintiff with words of congratulations on the face of a number of the photographs of the deceased children.

7. The conduct of the defendants was outrageous in character.

8. The conduct of the defendants was so extreme in degree that it exceeded all bounds usually tolerated in a decent society.

9. The conduct of the defendants was of a nature especially calculated to cause the emotional distress that resulted.

10. The conduct of the defendants resulted in emotional distress, resulting in objectively measurable physical symptoms and mental injury.

11. As a direct and proximate result of the conduct of the defendants, the plaintiff sustained damages.

WHEREFORE, the plaintiff demands judgment from the defendants in a sum sufficient to compensate her for her losses, plus interest and costs.

COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

12. Plaintiff reasserts all allegations contained within Paragraphs 1 through 11 of Count I of plaintiff's complaint.

13. Plaintiff was the mother of the deceased children.

14. Plaintiff was present at the time the photographs were delivered, and upon viewing the photographs, became aware of the fact that the photographs depicted her deceased children.

15. As a direct and proximate result of the actions of the defendants, the plaintiff suffered serious emotional injury that resulted in objectively measurably physical and psychiatric symptoms.

16. The emotional injuries suffered by the plaintiff were the direct and proximate result of the plaintiff observing the photographs which were taken by the defendants and delivered to the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendants in a sum sufficient to compensate her for her losses.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY

INSURANCE

009

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

Dated: March 26, 2004



03/08/2004 MON 07:58 [TX/RX NO 5228]