**1001-7537**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NICOLE MARIE CRUZ<br><br>vs.<br><br>HARTFORD CASUALTY INSURANCE COMPANY | **C.A. NO. 05-038S** |

## NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

Pursuant to Rule 31 of the Local Rules of this District Court, Hartford responds that the claims that are at issue in this case are identical to those that are the subject of Hartford Casualty Insurance Company v. Pixel Imaging, Inc. et al., No. 04 CV 4093, a Complaint for Declaratory Judgment that it filed against Pixel Magic Imaging, Inc., First Impressions Imaging, Inc. and Nicole Marie Cruz in the U.S. District Court for the Western District of Texas on December 28, 2004. (Exhibit "A")

In this case, Cruz seeks to impose liability against Hartford for a $1 million consent judgment pursuant to which she received an assignment of all rights that Hartford's insureds, Pixel Magic Imaging and First Impressions Imaging might have against Hartford. In the Complaint for Declaratory Judgment that Hartford has filed in the Western District of Texas, Hartford denies any liability for that consent judgment and asks the Court to declare that the underlying claims are outside the scope of the liability insurance policies that it issued to Pixel Magic Imaging and First Impressions Imaging, and furthermore that Nicole Cruz cannot obtain recovery against it on the basis of any purported assignment by reason of the fact that said assignment is in violation of the express terms and conditions of the Hartford policies.

5

Respectfully Submitted,
HARTFORD CASUALTY INSURANCE COMPANY,
By its Attorneys,

**MORRISON MAHONEY LLP**

Michael J. Marcello, #5221
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: February 3, 2005

**CERTIFICATION**

I hereby certify that on the 7th day of February, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903



582771v1

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

HARTFORD CASUALTY INSURANCE COMPANY

**DEFENDANTS**

PIXEL MAGIC IMAGING, INC., FIRST IMPRESSIONS IMAGING, INC. and NICOLE MARIE CRUZ

RECEIVED DEC 28 2004 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY DEPUTY CLERK

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hartford, Connecticut
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Hays County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John H. Marks, Jr., Locke Liddell & Sapp, LLP,
2200 Ross Avenue, Suite 2200, Dallas, TX 75201-6776
(214)740-8000

ATTORNEYS (IF KNOWN)

A04CA1093LY

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS -Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a declaratory judgment action. Jurisdiction is appropriate in this case under 28 U.S.C. § 1332, as there is complete diversity and the amount in controversy exceeds $75,000.00, excluding interest and costs. Additionally, see 28 U.S.C. § 2201.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER FR.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): IF ANY

JUDGE ____________ DOCKET NUMBER ____________

DATE
12/28/04

SIGNATURE OF ATTORNEY OF RECORD
John H. Marks, Jr. by [signature] Tx S.B.N. (00797144) with permission

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

JS 44 Reverse
(Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS - 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

"A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2004 DE 28 AM 10: 31
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY: ____________
DEPUTY

| | | |
|---|---|---|
| **HARTFORD CASUALTY INSURANCE COMPANY** | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. A04CA1093LY |
| **PIXEL MAGIC IMAGING, INC., FIRST IMPRESSIONS IMAGING, INC. and NICOLE MARIE CRUZ** | § | **Jury** |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Hartford Casualty Insurance Company ("Hartford") files this its Original Complaint for Declaratory Judgment, invokes its right to a jury trial, and would respectfully show as follows:

## I.
## THE PARTIES

1. Hartford is an insurance company organized under the laws of Connecticut. Hartford's principal place of business is in Hartford, Connecticut.

2. Defendant Pixel Magic Imaging, Inc. ("Pixel Magic") is a Delaware corporation, duly authorized to conduct business within the State of Texas, and having its principal place of business in Texas. Pixel Magic may be served with process by serving its registered agent for service, David J. Oles, at 631 Mill Street, San Marcos, Texas 78666.

3. Defendant First Impressions Imaging, Inc. ("First Impressions") is a corporation, duly authorized to conduct business within the State of Texas, and having its principal place of

business in Texas. First Impressions Imaging may be served with process by serving its registered agent for service, David Oles, at 631 Mill Street, San Marcos, Texas 78666.

4. Defendant Nicole Marie Cruz ("Nicole Cruz") is an individual residing in the State of Rhode Island and may be served her abode at 100 Broad Street, Apartment 221, Providence, Rhode Island, 02903.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Defendant Pixel Magic is subject to personal jurisdiction in Texas because it has its principal place of business in Texas. Defendant First Impressions, Inc. is subject to personal jurisdiction in Texas because it has its principle place of business in Texas. Defendant Nicole Cruz is subject personal jurisdiction by virtue of, among other things, a purported assignment of rights under an insurance policy held by Pixel Magic.

7. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, and the Defendant Pixel Magic's principal place of business is located within the Western District of Texas.

## III.
## FACTUAL BACKGROUND AND UNDERLYING ALLEGATIONS

8. This insurance coverage action arises out of allegations made by Nicole Cruz, individually, against Pixel Magic in a lawsuit styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc. and John Doe Corporation*; Cause No.

04-1146, in the Superior Court of Providence, Rhode Island (the "Underlying Lawsuit"). In the Underlying Lawsuit, Cruz asserted causes of action against Pixel Magic's wholly-owned subsidiary, First Impressions Imaging, Inc. ("First Impressions"), and other defendants arising out of First Impression's photography of Cruz's deceased infant children, copies of which First Impressions sent to Cruz, allegedly causing emotional distress to Cruz.

9. Cruz brought action, asserting a claims, among other things, for intentional infliction of emotional distress and a claim for negligent infliction of emotional distress against the defendants. In her Amended Complaint, she alleged that, while at Women & Infants' Hospital of Rhode Island, she gave birth to two children; that one of the children was stillborn and the other child died five minutes after birth; that following the death of her children, First Impressions posed, arranged and photographed her deceased children, and sent the photographs to her.

10. Cruz sought damages for emotional injuries resulting from the defendants' alleged conduct.

11. On November 11, 2004, Pixel Magic and First Impressions executed a Joint Tortfeasor Settlement Release and Indemnity Agreement (the "Settlement Agreement"). Under the terms of the Settlement Agreement, Cruz purportedly agreed to release Pixel Magic and First Impressions from any liability relating to the claims set forth in the Underlying Lawsuit in exchange for Pixel Magic and First Impressions' assignment to Cruz of "all rights and causes of action they own against Hartford Casualty Insurance Company for denial of coverage and/or coverage under Policy #65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy") for the events alleged in the Lawsuit." Accordingly, on the same date, Pixel Magic and First Impressions executed an Assignment (the "Assignment"),

purporting to assign any and all claims or causes of action that Pixel Magic or First Impressions had against Hartford for Hartford's refusal to provide coverage relating to the Underlying Lawsuit. Cruz, as an alleged assignee, has demanded payment of $1 million from Hartford, the limits of the Hartford policy. Accordingly, Hartford seeks a declaration that it does not owe a duty to defend or indemnify either Pixel Magic or Cruz for the claims asserted in the Underlying Lawsuit. Accordingly, this action is appropriate under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 as there is an actual, substantial controversy between these parties who have taken adverse positions. This declaratory judgment action will serve a useful purpose in clarifying and settling the legal relations in issue, and a final adjudication will terminate this matter and afford relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

## IV.
## THE POLICY

12. Hartford issued liability insurance Policy No. 65 UUN IP7399 (the "Policy") and umbrella insurance Policy No. 65 RHU IP5060 ("Umbrella Policy") to Pixel Magic Imaging, Inc. The policy period is August 31, 2000 to August 31, 2001.

### A. Policy Conditions

13. Hartford would show that the parties' purported Assignment and Settlement Agreement between Pixel Magic and Cruz violates an express condition of the Policy:

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of this insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

In the Underlying Lawsuit, no actual trial was held on Cruz's claims. Moreover, the purported Settlement Agreement and Assignment was not signed or approved by Hartford. Because neither the Settlement Agreement nor the corresponding Assignment comply with the terms of the Policy, neither are binding upon Hartford.

14. In addition, because there was no trial between Cruz and First Impressions, the Assignment was void as against public policy under Texas law.

**B. <u>Coverage Provisions</u>**

15. Given the allegations in the Underlying Lawsuit, the coverage provisions of the Policy have not been triggered, as the Cruz's claims alleged neither "bodily injury" nor "personal injury" caused by an "occurrence."

16. The Policy provides that "'[b]odily injury' means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." In her Amended Complaint, Cruz alleged that the conduct of defendants resulted in emotional distress, that in turn caused "physical symptoms." Thus, Cruz alleged only that she suffered bodily injury as a result of emotional injury. However, under the Policy's definition of "bodily injury," emotional injury is only covered if it results from bodily injury. Accordingly, Cruz's allegations do not trigger bodily injury coverage under the Policy.

17. In addition, there has been no "occurrence" under the policy. The Policy provides coverage for "bodily injury" that is caused by an "occurrence" during the policy period. Because Cruz suffered no "bodily injury" as defined by the Policy, there has been no "occurrence" under Coverage A. Moreover, the Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Cruz's allegations do not in any way indicate that defendants' actions were accidental. In both of her claims, Cruz

alleged that the defendants committed certain intentional acts, such as posing and photographing her deceased children and subsequently delivering the resulting photographs to her. There is no allegation or indication that the resultant injury was accidental.

18. Nor is there coverage in this case for any "personal injury" to Cruz. "Personal injury" is defined as follows:

> Personal injury means injury, other than "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
> e. Oral or written publication of material that violates a person's right of privacy.
> f. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:
> (1) Not done intentionally by or at the direction of:
> (a) The insured…and
> (2) Not directly or indirectly related to the employment, prospective employment or termination of any person or persons by the insured.

Nowhere in her Amended Complaint, did Cruz allege that Pixel Magic or First Impressions committed any act constituting an act of humiliation. To humiliate is "t[o] lower the pride dignity, or self-respect of; degrade" American Heritage Dictionary Office Edition, 415 (4th ed. 2001). Degrade is defined as "[t]o reduce in rank or status." *Id.* at 229. Cruz simply did not allege humiliation.

C. **Exclusions**

19. The Policy excludes coverage for "expected or intended injury." Such injury is defined as "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." Cruz's Amended Complaint alleged that, after their death, the defendants posed,

arranged and photographed the children and later delivered these photographs to her, thereby causing her injury. As alleged by Cruz, such injury was necessarily both expected and intended on the part of the defendants.

## V.
## REQUEST FOR DECLARATORY JUDGMENT

20. Hartford requests that the Court enter a declaratory judgment that the purported Assignment between Pixel Magic, First Impressions and Nicole Cruz is void and unenforceable.

21. Hartford further requests that the Court enter a declaratory judgment that Hartford has no duty to defend or indemnify Pixel Magic, First Impressions or Nicole Cruz for any claims or cause of action asserted in the Underlying Lawsuit.

22. Hartford also requests that the Court enter a declaratory judgment that Hartford has no duty to indemnify Pixel Magic, First Impression or Nicole Cruz for any settlement related to the Underlying Lawsuit, including the Joint Tortfeasor Settlement Release and Indemnity Agreement.

## VI.
## PRAYER

WHEREFORE, Hartford requests judgment against the Defendant and prays:

1. For a declaration that:

   a) The purported Assignment between Pixel Magic, First Impressions and Nicole Cruz is void and unenforceable.

   b) Hartford did not owe a duty to defend or indemnify Pixel Magic, First Impression, or Cruz for any claims or causes of action asserted in the Underlying Lawsuit.

   c) Hartford has no duty to indemnify Pixel Magic, First Impression or Nicole Cruz for any settlement related to the Underlying Lawsuit, including the Joint Tortfeasor Settlement Release and Indemnity Agreement.

2. For any and all other relief under law and equity to which Hartford is entitled and which the Court deems proper and just.

Respectfully submitted,

John H. Marks / by J. R. Nelson with permission

JOHN H. MARKS, JR.
Attorney in Charge
Texas State Bar No. 12998000
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

JOHN R. NELSON
State Bar No. 00797144
100 Congress Avenue, Suite 300
Austin, Texas 78701-4042
(512) 305-4700
(512) 305-4800 (telecopy)

ATTORNEYS FOR PLAINTIFF
HARTFORD CASUALTY
INSURANCE COMPANY