UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICOLE MARIE CRUZ | : | |
| | : | |
| -vs- | : | C.A. NO. 05-38S |
| | : | |
| HARTFORD CASUALTY INSURANCE COMPANY | : | |

**ANSWER OF PLAINTIFF TO COUNTERCLAIM OF HARTFORD CASUALTY INSURANCE COMPANY**

1. Plaintiff admits the allegations contained in Paragraph 1 of the counterclaim.

2. Plaintiff admits the allegations contained in Paragraph 2 of the counterclaim.

3. Plaintiff admits that this Court has discretion to exercise jurisdiction over this counterclaim on the basis of diversity, but denies that the Court has an absolute obligation to exercise jurisdiction over the counterclaim and the plaintiff's complaint, which was removed from the Providence County Superior Court.

4. Plaintiff admits that she sued First Impressions Imaging in 2004 in Providence County Superior Court, Case No. 04-1146, entitled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation,* but denies that Pixel Magic was a named defendant at the time of the filing of the amended complaint.

5. Plaintiff denies the allegations set forth in Paragraph 5 to the extent that they seek to vary or paraphrase the allegations set forth in the plaintiff's amended complaint, which are the best evidence of the actual claims asserted therein.

6. Plaintiff admits that Pixel Magic was insured by Hartford under a primary policy (Policy No. 65 UUN IP 7399) and an umbrella liability policy (Policy No. 65 RHU IP5060).

7

The plaintiff denies the allegations with specific regard to the policy to the extent that they are varied or incomplete from the terms of the policy, which is the best evidence of the coverage afforded by the defendant, Hartford Casualty Insurance Company.

7. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averment made in Paragraph 7 of the counterclaim, and therefore leaves the defendant to its proof thereon.

8. Plaintiff denies the allegations contained within Paragraph 8 of defendant's counterclaim to the extent that the defendant seeks to summarize the policy, but admits that the quoted language is contained within the terms of the policy.

9. Plaintiff denies the allegations contained within Paragraph 9 of defendant's counterclaim to the extent that the defendant seeks to summarize the policy, but admits that the quoted language is contained within the terms of the policy.

10. Plaintiff admits that there are exclusions to the policies, but denies the remaining allegations set forth in Paragraph 10 of the counterclaim to the extent that the policy itself is the best evidence of the exclusion under the policy.

11. Plaintiff admits that the defendant declined to provide a defense to the Cruz suit, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment, and therefore leaves the defendant to its proof thereon.

12. Plaintiff admits the existence of a joint tort feasor settlement release and indemnity agreement as alleged, but denies the allegations to the extent that they seek to vary or paraphrase the terms of the joint tort feasor release and indemnity agreement, which is the best evidence of the agreement between the plaintiff and Pixel Magic Imaging and First Impressions.

13. Admitted.

14. Plaintiff admits that she has brought the instant action against Hartford Casualty Insurance Company to recover based upon the joint tort feasor settlement release and indemnity agreement in the form of a declaratory judgment action and bad faith claims, but denies the remaining allegations in Paragraph 14 of the defendant's counterclaim.

## COUNT I

15. Plaintiff responds to Paragraph 15 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

16. Plaintiff admits that the policy language set forth in this allegation is contained in a portion of the policy, but denies that the language asserted constitutes the entire policy language.

17. Admitted.

18. Admitted.

19. Denied.

## COUNT II

20. Plaintiff responds to Paragraph 20 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

21. Plaintiff admits that the Hartford polices contain the language set forth in Paragraph 21 of the defendant's counterclaim, but denies that the cited language is the complete language of the policies.

21. (sic) Admitted.
(Defendant has erroneously set forth two paragraphs numbered 21).

22. Denied.

23. Denied.

24. Denied.

COUNT III

25. Plaintiff responds to Paragraph 25 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

26. Plaintiff admits that the allegations set forth in Paragraph 26 of the defendant's counterclaim are contained within plaintiff's amended complaint, but denies that the allegations are the complete allegations set forth in the amended complaint.

27. Plaintiff admits that the amended complaint seeks to recover for negligent infliction of emotional distress, but denies that the amended complaint does not allege that the defendants were negligent.

28. Denied.

COUNT IV

29. Plaintiff responds to Paragraph 29 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

30. Denied.

31. Plaintiff admits that she alleged that she sustained "emotional injury that resulted in objectively measurable physical and psychiatric symptoms," and denies the remaining allegations set forth in Paragraph 31 of defendant's counterclaim.

32. Denied.

COUNT V

33. Plaintiff responds to Paragraph 33 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

34. Plaintiff admits that the Hartford policies contain certain exclusions, including the language set forth in Paragraph 34 of defendant's counterclaim, but denies the remaining allegations of Paragraph 34 of defendant's counterclaim.

35. Admitted.

36. Denied.

## COUNT VI

37. Plaintiff responds to Paragraph 37 in the same manner and with the same force as the responses to the allegations set forth in Paragraphs 1 to 14 of the defendant's counterclaim.

38. Plaintiff admits that she has not named Pixel Magic Imaging and First Impressions, who were policyholders of the defendant, but denies the allegation of failure.

39. Denied.

40. Denied.

## PLAINTIFF'S ANSWER TO DEFENDANT'S PRAYER FOR RELIEF

1. Plaintiff objects to defendant's request that this action be dismissed, in that Pixel Magic Imaging and First Impressions are not indispensable parties. Plaintiff, by virtue of the assignment agreement, is the real party in interest, and Pixel Magic Imaging and First Impressions have assigned all rights under the policies to the plaintiff, Nicole Marie Cruz. The plaintiff further objects to the transfer of this action to the United States District Court for the Western District of Texas in that the earlier-filed action was filed in anticipation of litigation,

was not more comprehensive litigation as alleged, and was filed in a jurisdiction where the defendant has no personal jurisdiction over the plaintiff, Nicole Marie Cruz.

2. Plaintiff prays that Hartford failed to defend and/or indemnify First Impressions in the underlying action and is bound by the joint tort feasor settlement agreement and release executed between Hartford's insured, Pixel and First Impressions, and the plaintiff, Nicole Marie Cruz.

3-4. Plaintiff prays that the Court deny the prayers for relief set forth in Paragraph 3 and 4 of defendant, Hartford's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant, Hartford Casualty Insurance Company, has waived its defenses under the insurance policies for refusing to defend and/or indemnify its insured, First Impressions, in the underlying Superior Court action, *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation,* C.A. No. 04-1146.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

I hereby certify that on the 17th day of February, 2005, I mailed a copy of the above to Michael J. Marcello, Esquire, MORRISON MAHONEY LLP, 121 South Main Street, Suite 600, Providence, RI 02903.