UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICOLE MARIE CRUZ<br>Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO: 05-CV-38 |
| HARTFORD CASUALTY INSURANCE COMPANY<br>Defendant. | ) | |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S**
**MOTION TO TRANSFER VENUE**

Pursuant to Fed.R.Civ.P. 12(b)(3) and 42(a) and 28 U.S.C. §1404(a), Defendant Hartford Casualty Insurance Company ("Hartford") moves that the Court transfer this action to the United States District Court for the Western District of Texas. As grounds for this motion, Hartford states as follows:

1. Hartford previously field an action concerning the same subject matter and claims as this case in the Western District of Texas. *Hartford Casualty Ins. Co. v. Pixel Magic Imaging, Inc., First Impressions Imaging, Inc. and Nicole Marie Cruz*, Civil Action No. 04-CV-01093 (W.D. Tex.) ("Hartford's Texas Action").

2. Hartford's Texas Action was filed first and, under settled precedents of this Court and the First Circuit Court of Appeals, is entitled to deference. *See Coady v. Ashcroft & Gerel*, 223 F. 3d 1, 11 (1st Cir. 2000); *TPM Holidays, Inc. v. Intra-Gold Indus., Inc.*, 91 F. 3d 1, 2 (1st Cir. 1996); *Ciambro v. Curran-Lavoie, Inc.*, 814 F. 2d 7, 11 (1st Cir. 1987); *Feinstein Foundation v. Brown*, 304 F. Supp. 2d 279, 282 (D.R.I. 2004); *Nortek, Inc. v. Milnar*, 36 F. Supp. 2d 63, 65 (D.R.I. 1999).

3. In addition to being filed first, Hartford's Texas Action is more comprehensive than the instant case because it includes Hartford's insured, Pixel Magic Imaging, Inc. ("Pixel") and First Impressions Imaging, Inc. ("First Impressions"), as parties. Neither Pixel nor First Imaging was named as a party by Cruz in this case. Thus, the Texas Action will allow for a full and expeditious resolution of all claims under the Hartford policy.

4. There is no dispute that this action could have been brought by Cruz in the Western District of Texas where Pixel and First Impressions are headquartered.

5. The Hartford policy that is the subject of this dispute was issued to Pixel and First Imaging in Texas, where the insured has its principal place of business.

6. As Texas insurance law therefore applies to this case, the Western District of Texas is more familiar with that law.

7. Failure to transfer this action will lead to needless duplication and waste of resources, including insofar as Hartford's insured is a necessary party to this case. *See Continental Grain Co. v. The FVL-585*, 364 U.S. 19, 26-27 (1960).

8. For all of these reasons, the "interests of justice" require that this action be transferred from this Court to the Western District of Texas, where it may be consolidated for all purposes with Hartford's Texas Action. 28 U.S.C. §1404(a); Fed.R.Civ.P. 42(a).

In further support of this motion, Hartford respectfully submits the attached Memorandum.

**WHEREFORE**, defendant Hartford Casualty Insurance Company respectfully requests that this action be transferred to the United States District Court for the Western District of Texas and be consolidated for all future proceedings with the action already pending in that District between Hartford and Pixel Magic Imaging, First Impressions and Nicole Marie Cruz, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**HARTFORD CASUALTY INSURANCE COMPANY,**
By its attorneys,

Michael J. Marcello, Bar No. 5221
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 03904-7141
(401) 331-4660

Dated: March 7, 2005



1127535v1

**CERTIFICATION**

I hereby certify that on the 7th day of March, 2005, a copy of the foregoing was hand-delivered, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903

Katy N. Berdugo

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED MAR 07 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

NICOLE MARIE CRUZ,
Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,
Defendant.

CIVIL ACTION NO: 05-CV-38

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S**
**<u>MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE</u>**

The "interests of justice" require that the Court transfer this action brought by plaintiff Nicole Marie Cruz ("Cruz") to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1404(a) where a previously filed action by defendant Hartford Casualty Insurance Company ("Hartford") is pending. *Hartford Casualty Ins. Co. v. Pixel Magic Imaging, Inc., First Impressions Imaging, Inc. and Nicole Marie Cruz*, Civil Action No. 04-CV-1093 (W.D. Tex.) ("Hartford's Texas Action"). In addition to being filed first, Hartford's Texas Action is more comprehensive than the instant case because it includes Hartford's insured and thus will allow a full and expeditious resolution of all claims under the subject Hartford policy. Applying the settled principles of law established by the First Circuit Court of Appeals and this Court requires that this Court defer to Hartford's first-filed and more comprehensive Texas Action. *See Coady v. Ashcroft & Gerel*, 223 F. 3d 1, 11 (1st Cir. 2000); *TPM Holidays, Inc. v. Intra-Gold Indus., Inc.*, 91 F. 3d 1, 2 (1st Cir. 1996); *Ciambro v. Curran-Lavoie, Inc,*, 814 F. 2d 7, 11 (1st Cir.1987); *Feinstein Foundation v. Brown*, 304 F. Supp. 2d 279, 282 (D.R.I. 2004); *Nortek, Inc. v. Milnar*, 36 F. Supp. 2d 63, 65 (D.R.I. 1999).

## PROCEDURAL BACKGROUND

### A. Nature of the Dispute

This insurance coverage dispute arises out of an attempt by Cruz to collect on the terms of a consent settlement that Cruz entered into in November 2004 with Hartford's policyholders, Pixel Magic Imaging, Inc. ("Pixel") and First Impressions Imaging, Inc. ("First Impressions"). Pixel is a Delaware corporation headquartered in San Marcos, Texas. [Hartford's Original Complaint for Declaratory Judgment, ¶2 ("Hartford's Complaint"); Ex. 1 hereto]. First Impressions also has its principal place of business in San Marcos, Texas. [Hartford's Complaint, ¶3]. At the time of the relevant events, First Impressions was a wholly-owned subsidiary of Pixel that provided infant photography services by placing kiosks in hospitals to take photographs of newborns. [Hartford's Complaint, ¶8].

On or about March 16, 2001, shortly after giving birth to two stillborn children, Cruz was allegedly shown a photograph of the deceased children with the words "congratulations" printed thereon. [Hartford's Complaint, ¶8]. In March, 2004, Cruz brought an action against the Women's and Infant's Hospital of Rhode Island and First Impressions in the Superior Court for the State of Rhode Island, Providence County, seeking recovery for alleged emotional distress that she claims to have suffered as a result of this incident.

Following receipt of the state court action brought by Cruz, Pixel's agent faxed a copy of the Complaint to Hartford, requesting that it retain counsel to defend its policyholder. Hartford denied any obligation to provide a defense, however, because the underlying lawsuit failed to seek recovery on account of any "bodily injury" as defined in the policy, as well as on the grounds that the intentional nature of the insured's actions precluded any finding of an accidental "occurrence" as required by the policy. [Hartford's Complaint, ¶¶12-19].

Effective as of October 27, 2004, Cruz, First Impressions, and Pixel entered into a "Joint Tortfeasor Settlement Release and Indemnity Agreement" (the "Agreement"). [A true copy of the



947060v1

Agreement is attached hereto as Exhibit 2]. Under the terms of the Agreement, Pixel and First Imaging agreed to pay a $1 million judgment to Cruz, the proceeds of which were ***solely*** to be recovered from the Hartford policy. Pixel and First Imaging further agreed to assign any and all rights that they might have against Hartford to Cruz, who agreed to hold them harmless and gave them a Release and Covenant Not to Execute. [Ex. 3]. Hartford is not a party to the Agreement; did not consent to Pixel's decision to enter into the Agreement; and did not consent to the purported "assignment" of rights under the Hartford policy.

**B. Hartford's First-Filed Texas Action**

Shortly after learning that its policyholder had entered into the consent Agreement with Cruz, Hartford filed a declaratory judgment action against Cruz, Pixel and First Impressions in the United States District Court for the Western District of Texas, the venue where Pixel and First Imaging are headquartered. Hartford's action was commenced on December 28, 2004 and served shortly thereafter [Hartford's Complaint, Ex. 1]. In the Texas Action, Hartford seeks a declaration that the policy it issued to Pixel does not provide coverage for the claims asserted by Cruz against Pixel and First Imaging. [Hartford's Complaint, ¶¶20-22]. In addition, Hartford seeks a declaration that the alleged "assignment of rights" that Pixel gave to Cruz violates the terms of the Hartford policy and is unenforceable as a matter of law.

Notwithstanding the fact that Hartford had commenced a comprehensive action relating to this matter, Cruz brought an entirely duplicative and reactive suit in the Superior Court of the State of Rhode Island, Providence County, on or about January 14, 2005, entitled *Cruz v. Hartford Casualty Insurance Company*, C.A. No. PC2005-0215. In this mirror-image action, Cruz seeks to recover the $1 million that she claims is owed to her by Hartford in satisfaction of the Agreement. Cruz also purports to allege a cause of action against Hartford for bad faith. Cruz ***did not*** name Pixel or First Imaging as defendants in the case, however. Hartford promptly removed the state court action filed by Cruz to this Court. Thereafter, Cruz filed a motion to dismiss and/or transfer Hartford's Texas

Action. Hartford's insured, Pixel and First Imaging, have not contested jurisdiction in the Texas Action. Further, Pixel and First Imaging have not contested that they are necessary parties to a comprehensive resolution of the case.

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

#### A. Standards for Transfer

The standards for granting a motion to transfer venue are well-settled:

> For the convenience of parties and witnesses, ***in the interests of justice***, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1404(a). Under this statute, a District Court has broad discretion in granting a request for transfer. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)(court has broad discretion to transfer venue to another district court). In order to satisfy the requirements of Section 1404(a), the moving party must show that (1) venue is proper in the district to which the case would be transferred and (2) considerations of convenience or the interests of justice weigh in favor of transfer. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988); *Van Duesen v. Barrack*, 376 U.S. 612, 616 (1964). Motions for transfer are to be decided according to an "'individualized, case-by-case consideration of convenience and fairness.'" *Brian Jackson & Co. v. Eximias Pharmaceutical Corp.*, 248 F.Supp.2d 31, 38 (D.R.I. 2003)(*quoting Ricoh Corp.*, 487 U.S. at 29).

#### B. The Western District of Texas Is a Proper Venue for This Action

There can be no dispute that the Western District of Texas is a proper venue for this action. 28 U.S.C. §1391(a) provides, in relevant part, that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district wherein any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a

> substantial part of the events or omissions giving rise to the claim occurred...or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plainly, Cruz could have sued Pixel and First Impressions in the Western District of Texas as both defendants are headquartered in that District [Hartford Complaint, ¶¶2-3]. The subject Hartford policies were issued to Pixel in Texas. [Hartford's Complaint, ¶12]. Hartford's denial of coverage was issued to Pixel's Texas headquarters. Hartford is subject to personal jurisdiction in Texas with respect to this claim. Further, to the extent that this dispute concerns the legal effect to be given to the consent Agreement and assignment entered into by Pixel and Cruz, the Agreement was signed by Pixel in Texas. Moreover, neither Pixel nor First Imaging have challenged the jurisdiction of the Texas District Court. Since venue in the Western District of Texas is proper, the threshold requirement for a transfer under 28 U.S.C. §1404(a) is clearly satisfied. *Eximias Pharmaceutical Corp.,* 248 F. Supp. 2d at 38 (party moving for transfer must show that the action "could have been brought in the first instance in the transferee district").

### C. The "Interests of Justice" Require Transfer of this <u>Case In Favor of Hartford's First-Filed Texas Action</u>

On the facts of this case, the "interests of justice" require that the Court transfer this action to the Western District of Texas where it can be consolidated pursuant to Fed.R.Civ.P. 42(a) with the first-filed action commenced by Hartford. Cruz' Rhode Island action is simply a duplicative and reactive suit that does not even include all of the relevant parties to the dispute. In these circumstances, the First Circuit Court of Appeals and this Court have consistently adhered to the "first filed rule" and held that the action commenced first in time should be given priority. As recently summarized by this Court:

> The 'first-filed rule' is an equitable doctrine of venue selection followed universally: 'where identical actions are proceeding concurrently in two federal courts. . .the first filed action is generally



947060v1

> preferred in a choice-of venue decision. *Ciambro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987).

*Feinstein Foundation v. Brown,* 304 F. Supp. 2d 279, 280-81 (D.R.I. 2004). *Accord Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000); *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 739 (1st Cir. 1977)("the pendency of related litigation in another forum is a proper factor to be considered in resolving choice of venue questions"); *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 2 (1st Cir. 1996); *Nortek, Inc. v. Molnar,* 36 F.Supp.2d 63, 65 (D.R.I. 1999); *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.,* 249 F.Supp.2d 12, 15 (D. Mass. 2002)(". . .where two identical actions are pending concurrently in two federal courts, the first-filed action is generally preferred, even if it is a request for a declaratory judgment").

The obvious rationale for this doctrine is to avoid a waste of judicial resources and duplicative litigation. As the First Circuit Court of Appeals noted in *Ciambro,* "[w]here identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." *Ciambro,* 814 F.2d at 11. *See Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)(the purpose of Section 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense"); *American Biophysics Corp. v. Blue Rhino Corp.* No. 03-334L, 2003 U.S. Dist. LEXIS 25791, *8-11 (D.R.I. Dec. 22, 2003).

Further, unless this action is transferred, there is a risk that this Court and the District Court in Austin could reach inconsistent conclusions with respect to the obligations of Hartford and the legal effect of the Agreement. The interests of justice and judicial efficiency strongly favor having but a single court adjudicate a particular claim. *Church of Scientology of California v. U.S. Dept. of the Army,* 611 F.2d 738, 750 (9th Cir. 1979)(referring to the need to "avoid the embarrassment of conflicting judgments"); *Barapind v. Reno,* 72 F. Supp.2d 1132, 1146 (E.D. Cal. 1999)(court dismisses second filed action in part because "[t]his case creates the potential for conflicting or

inconsistent rulings between courts in two different districts); *Colortyme Financial Services, Inc. v. Kivaline Corp.*, 940 F. Supp. 269, 274 (D. Haw. 1996)("permitting the instant action to proceed would risk conflicting determinations"). As this Court has similarly noted:

> The first-filed rule rests on principles of comity and sound judicial administration. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

*Emissive Energy Corp. v. Armament Systems and Procedures, Inc.*, No. 03-5281, 2004 U.S. Dist. LEXIS 18437, *9 (D.R.I. Aug. 2, 2004)(*quoting Cadle Co. v. Whataburger of Alice, Inc.*, 164 F.3d 599, 603 (5th Cir. 1999)).

The Supreme Court has emphasized the utility of transfer motions to promote the efficient use of judicial resources and the avoidance of unnecessary waste and expense. For example, in *Continental Grain Co. v. The FVL-585*, 364 U.S. 19, 26-27 (1960), two cases were filed concerning the sinking of a barge carrying a load of grain. In the first case, filed in the United States District Court for the Western District of Tennessee, the barge owner sued the cargo owner, alleging that the barge sank due to the cargo owner's negligence in loading the barge. *Id.* Subsequently, the cargo owner brought suit in the United States District Court for the Eastern District of Louisiana against the barge manufacturer, alleging that defects in the barge caused the sinking. The Supreme Court upheld the decision to transfer the second-filed action to the Western District of Tennessee pursuant to 28 U.S.C. §1404(a), declaring that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different district courts leads to the wastefulness of time, energy and money that Section 1404(a) was designed to prevent." *Id.* at 26-27. As in *Continental Grain*, if Hartford's motion is not granted, both the courts and the parties will be burdened with the cost of litigating identical claims in two different proceedings.

Additionally, it has been stated that "familiarity of the court with the state law to be applied and the desirability of having localized controversies decided at home" weighs in favor of a transfer.

*NPR, Inc. v. American International Insurance Company of Puerto Rico,* 242 F. Supp. 2d 121, 125 (D.P.R. 2003)(noting that "Puerto Rico clearly has a stronger interest in this case because the complained of activity arose directly out of Defendant's breach in San Juan of an insurance policy negotiated in Puerto Rico to which Puerto Rican law applies"); *Mutual of Omaha Ins. Co. v. Dolby*, 531 F. Supp. 511, 514 (E.D. Pa. 1982). In this case, the Hartford policies were issued in Texas to a Texas business and must therefore be construed in accordance with the law of Texas. Article 21.42 of the Texas Insurance Code requires that "any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance and governed thereby." Applying this statute, Texas courts have consistently ruled that Texas law should apply to the interpretation of policies issued in Texas. *See e.g., Snyder General Corp. v. Great American Ins. Co.,* 133 F.3d 373 (5th Cir. 1998)(holding that Texas law should apply to policies issued to a Texas corporation).

In short, all of the relevant factors—that Hartford's Texas Action was first-filed; that failure to order a transfer will be inefficient, wasteful and create the potential for conflicting obligations and judgments; and the applicability of Texas law—strongly support granting Hartford's Motion to Transfer Venue.

**D. There Are No "Special Circumstances"**
**<u>Warranting Departure from the First-Filed Rule</u>**

Although this Court and the First Circuit Court of Appeals have held that there is a "strong presumption" that a plaintiff's choice of venue in the first-filed action be honored, *see Coady,* 223 F.3d at 11, the cases have also recognized that the presumption may be overcome based upon a showing of "special circumstances" which justify giving priority to the later-filed action. *See Feinstein Foundation,* 304 F. Supp. 2d at 283; *S.W. Industries, Inc. v. Aetna Cas. & Sur. Co.,* 653 F. Supp. 631, 634 (D.R.I. 1987); *Reebok International, Ltd. v. Dunkadelic, Inc.,* No. 03-CV-11471-

GAO, 2004 U.S. Dist. LEXIS 3167, *8-12 (D. Mass., March 2, 2004). Here, Cruz cannot point to any "special circumstances" that warrant departure from the first-filed rule.

The mere fact that it might in some sense be more "convenient" for Cruz to litigate this case in the state where she resides is not sufficient to overcome the presumption in favor of Hartford's first-filed Texas Action. It has repeatedly been recognized that section 1404(a) ***cannot*** be used simply to shift the convenience from one party to the other. *Eximias Pharmaceutical Corp.,* 248 F.Supp.2d at 38; *Zahn v. Yucaipa Capital Fund,* 218 B.R. 656, 676 (D.R.I. 1998) ("transfer is inappropriate if it merely shifts inconvenience from one party to the other"). Further, while it might be more personally "convenient" for Cruz to litigate in Rhode Island, such an argument ignores the fact that the two other parties to the Texas Action (whom Cruz has improperly omitted from her suit) are Texas companies headquartered in the venue chosen by Hartford.

Moreover, Cruz cannot show that being required to have this action determined in Texas would impose any practical hardship upon her. *See Slattery v. Walt Disney World Co.,* No. 03-267-M, 2003 U.S. Dist. LEXIS 22052, *9-13 (D.N.H. 2003)(granting motion to transfer case brought by New Hampshire resident to Florida, where the accident occurred); *Atari v. United Parcel Service, Inc.,* 211 F.Supp.2d 360, 362-364 (D. Mass. 2002)(fact that plaintiff was a Massachusetts resident and his treating physicians were in Massachusetts was not sufficient reason to prevent transfer to venue where alleged incident occurred). Cruz has already retained experienced coverage counsel to appear on her behalf in Texas. Further, the unique nature of this insurance coverage dispute makes Cruz' role in the litigation entirely secondary. The core issues in this case are whether Cruz' claims are covered under the terms of the Hartford policy issued to Pixel and First Imaging. Resolving these issues will turn on the terms of the Hartford policy and, perhaps, other evidence from Pixel, First Imaging and their broker. Since Cruz never purchased a policy from Hartford and only claims to have any rights under the policy based upon the "assignment" received from Pixel and First Imaging, her presence in the case is not essential to resolving these core contract issues. Accordingly, there is

no basis for the Court to find that the plaintiff's residence in Rhode Island creates a "special circumstance" warranting departure from the settled "first-filed" rule established by the First Circuit Court of Appeals and consistently followed by this Court.

**CONCLUSION**

For all of the foregoing reasons, the interests of justice require that Hartford's Motion to Transfer Venue be granted and that this action be transferred and consolidated for further proceedings in the United States District Court for the Western District of Texas with *Hartford Casualty Insurance Co. v. Pixel Imaging, Inc.*, Docket No. 04-CV-1093.

Respectfully submitted,

**HARTFORD CASUALTY INSURANCE COMPANY,**
By its attorneys,

Michael J. Marcello, Bar No. 5221
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 03904-7141
(401) 331-4660

Dated: March 3, 2005

**CERTIFICATION**

I hereby certify that on the 7th day of March, 2005, a copy of the foregoing was hand-delivered, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903



947060v1