1001-7537

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NICOLE MARIE CRUZ<br>Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO: 05-CV-38 |
| HARTFORD CASUALTY INSURANCE COMPANY<br>Defendant. | ) | |

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S EXHIBITS TO ITS MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Now comes the defendant, Hartford Casualty Insurance Company, and hereby submits the following exhibits in support of its Memorandum in Support of its Motion to Transfer Venue:

1. Hartford Casualty Insurance Company's Texas Complaint (8 pages);
2. Joint Tortfeasor Agreement executed by the plaintiff (7 pages);
3. Assignment of Rights to Cruz (4 pages).

Respectfully submitted,

**HARTFORD CASUALTY INSURANCE COMPANY,**
By its attorneys,

Michael J. Marcello, Bar No. 5221
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 03904-7141
(401) 331-4660

Dated: March 11, 2005

585348v1

**CERTIFICATION**

I hereby certify that on the 11th day of March, 2005, a copy of the foregoing was sent first-class mail, postage prepaid, to:

Gregory L. Boyer, Esquire
170 Westminster Street, Suite 200
Providence, RI 02903

Katy N. Berdugo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HARTFORD CASUALTY INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. __________** |
| | § | |
| **PIXEL MAGIC IMAGING, INC., FIRST IMPRESSIONS IMAGING, INC. and NICOLE MARIE CRUZ** | § | **Jury** |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Hartford Casualty Insurance Company ("Hartford") files this its Original Complaint for Declaratory Judgment, invokes its right to a jury trial, and would respectfully show as follows:

## I.
## THE PARTIES

1. Hartford is an insurance company organized under the laws of Connecticut. Hartford's principal place of business is in Hartford, Connecticut.

2. Defendant Pixel Magic Imaging, Inc. ("Pixel Magic") is a Delaware corporation, duly authorized to conduct business within the State of Texas, and having its principal place of business in Texas. Pixel Magic may be served with process by serving its registered agent for service, David J. Oles, at 631 Mill Street, San Marcos, Texas 78666.

3. Defendant First Impressions Imaging, Inc. ("First Impressions") is a corporation, duly authorized to conduct business within the State of Texas, and having its principal place of

business in Texas. First Impressions Imaging may be served with process by serving its registered agent for service, David Oles, at 631 Mill Street, San Marcos, Texas 78666.

4. Defendant Nicole Marie Cruz ("Nicole Cruz") is an individual residing in the State of Rhode Island and may be served her abode at 100 Broad Street, Apartment 221, Providence, Rhode Island, 02903.

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Defendant Pixel Magic is subject to personal jurisdiction in Texas because it has its principal place of business in Texas. Defendant First Impressions, Inc. is subject to personal jurisdiction in Texas because it has its principal place of business in Texas. Defendant Nicole Cruz is subject to personal jurisdiction by virtue of, among other things, a purported assignment of rights under an insurance policy held by Pixel Magic.

7. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, and the Defendant Pixel Magic's principal place of business is located within the Western District of Texas.

## III.
## FACTUAL BACKGROUND AND UNDERLYING ALLEGATIONS

8. This insurance coverage action arises out of allegations made by Nicole Cruz, individually, against Pixel Magic in a lawsuit styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc. and John Doe Corporation*; Cause No.

04-1146, in the Superior Court of Providence, Rhode Island (the "Underlying Lawsuit"). In the Underlying Lawsuit, Cruz asserted causes of action against Pixel Magic's wholly-owned subsidiary, First Impressions Imaging, Inc. ("First Impressions"), and other defendants arising out of First Impression's photography of Cruz's deceased infant children, copies of which First Impressions sent to Cruz, allegedly causing emotional distress to Cruz.

9. Cruz brought action, asserting a claims, among other things, for intentional infliction of emotional distress and a claim for negligent infliction of emotional distress against the defendants. In her Amended Complaint, she alleged that, while at Women & Infants' Hospital of Rhode Island, she gave birth to two children; that one of the children was stillborn and the other child died five minutes after birth; that following the death of her children, First Impressions posed, arranged and photographed her deceased children, and sent the photographs to her.

10. Cruz sought damages for emotional injuries resulting from the defendants' alleged conduct.

11. On November 11, 2004, Pixel Magic and First Impressions executed a Joint Tortfeasor Settlement Release and Indemnity Agreement (the "Settlement Agreement"). Under the terms of the Settlement Agreement, Cruz purportedly agreed to release Pixel Magic and First Impressions from any liability relating to the claims set forth in the Underlying Lawsuit in exchange for Pixel Magic and First Impressions' assignment to Cruz of "all rights and causes of action they own against Hartford Casualty Insurance Company for denial of coverage and/or coverage under Policy #65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy") for the events alleged in the Lawsuit." Accordingly, on the same date, Pixel Magic and First Impressions executed an Assignment (the "Assignment"),

purporting to assign any and all claims or causes of action that Pixel Magic or First Impressions had against Hartford for Hartford's refusal to provide coverage relating to the Underlying Lawsuit. Cruz, as an alleged assignee, has demanded payment of $1 million from Hartford, the limits of the Hartford policy. Accordingly, Hartford seeks a declaration that it does not owe a duty to defend or indemnify either Pixel Magic or Cruz for the claims asserted in the Underlying Lawsuit. Accordingly, this action is appropriate under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 as there is an actual, substantial controversy between these parties who have taken adverse positions. This declaratory judgment action will serve a useful purpose in clarifying and settling the legal relations in issue, and a final adjudication will terminate this matter and afford relief from the uncertainty, insecurity and controversy giving rise to this proceeding.

## IV.
## THE POLICY

12. Hartford issued liability insurance Policy No. 65 UUN IP7399 (the "Policy") and umbrella insurance Policy No. 65 RHU IP5060 ("Umbrella Policy") to Pixel Magic Imaging, Inc. The policy period is August 31, 2000 to August 31, 2001.

### A. Policy Conditions

13. Hartford would show that the parties' purported Assignment and Settlement Agreement between Pixel Magic and Cruz violates an express condition of the Policy:

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of this insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

In the Underlying Lawsuit, no actual trial was held on Cruz's claims. Moreover, the purported Settlement Agreement and Assignment was not signed or approved by Hartford. Because neither the Settlement Agreement nor the corresponding Assignment comply with the terms of the Policy, neither are binding upon Hartford.

14. In addition, because there was no trial between Cruz and First Impressions, the Assignment was void as against public policy under Texas law.

**B. <u>Coverage Provisions</u>**

15. Given the allegations in the Underlying Lawsuit, the coverage provisions of the Policy have not been triggered, as the Cruz's claims alleged neither "bodily injury" nor "personal injury" caused by an "occurrence."

16. The Policy provides that "'[b]odily injury' means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time." In her Amended Complaint, Cruz alleged that the conduct of defendants resulted in emotional distress, that in turn caused "physical symptoms." Thus, Cruz alleged only that she suffered bodily injury as a result of emotional injury. However, under the Policy's definition of "bodily injury," emotional injury is only covered if it results from bodily injury. Accordingly, Cruz's allegations do not trigger bodily injury coverage under the Policy.

17. In addition, there has been no "occurrence" under the policy. The Policy provides coverage for "bodily injury" that is caused by an "occurrence" during the policy period. Because Cruz suffered no "bodily injury" as defined by the Policy, there has been no "occurrence" under Coverage A. Moreover, the Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Cruz's allegations do not in any way indicate that defendants' actions were accidental. In both of her claims, Cruz

alleged that the defendants committed certain intentional acts, such as posing and photographing her deceased children and subsequently delivering the resulting photographs to her. There is no allegation or indication that the resultant injury was accidental.

18. Nor is there coverage in this case for any "personal injury" to Cruz. "Personal injury" is defined as follows:

> Personal injury means injury, other than "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
> e. Oral or written publication of material that violates a person's right of privacy.
> f. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation is:
> (1) Not done intentionally by or at the direction of:
> (a) The insured…and
> (2) Not directly or indirectly related to the employment, prospective employment or termination of any person or persons by the insured.

Nowhere in her Amended Complaint, did Cruz allege that Pixel Magic or First Impressions committed any act constituting an act of humiliation. To humiliate is "t[o] lower the pride dignity, or self-respect of; degrade" American Heritage Dictionary Office Edition, 415 (4th ed. 2001). Degrade is defined as "[t]o reduce in rank or status." *Id.* at 229. Cruz simply did not allege humiliation.

**C. <u>Exclusions</u>**

19. The Policy excludes coverage for "expected or intended injury." Such injury is defined as "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." Cruz's Amended Complaint alleged that, after their death, the defendants posed,

arranged and photographed the children and later delivered these photographs to her, thereby causing her injury. As alleged by Cruz, such injury was necessarily both expected and intended on the part of the defendants.

## V.
## REQUEST FOR DECLARATORY JUDGMENT

20. Hartford requests that the Court enter a declaratory judgment that the purported Assignment between Pixel Magic, First Impressions and Nicole Cruz is void and unenforceable.

21. Hartford further requests that the Court enter a declaratory judgment that Hartford has no duty to defend or indemnify Pixel Magic, First Impressions or Nicole Cruz for any claims or cause of action asserted in the Underlying Lawsuit.

22. Hartford also requests that the Court enter a declaratory judgment that Hartford has no duty to indemnify Pixel Magic, First Impression or Nicole Cruz for any settlement related to the Underlying Lawsuit, including the Joint Tortfeasor Settlement Release and Indemnity Agreement.

## VI.
## PRAYER

WHEREFORE, Hartford requests judgment against the Defendant and prays:

1. For a declaration that:

   a) The purported Assignment between Pixel Magic, First Impressions and Nicole Cruz is void and unenforceable.

   b) Hartford did not owe a duty to defend or indemnify Pixel Magic, First Impression, or Cruz for any claims or causes of action asserted in the Underlying Lawsuit.

   c) Hartford has no duty to indemnify Pixel Magic, First Impression or Nicole Cruz for any settlement related to the Underlying Lawsuit, including the Joint Tortfeasor Settlement Release and Indemnity Agreement.

2. For any and all other relief under law and equity to which Hartford is entitled and which the Court deems proper and just.

Respectfully submitted,

JOHN H. MARKS, JR.
Attorney in Charge
Texas State Bar No. 12998000
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

JOHN R. NELSON
State Bar No. 00797144
100 Congress Avenue, Suite 300
Austin, Texas 78701-4042
(512) 305-4700
(512) 305-4800 (telecopy)

ATTORNEYS FOR PLAINTIFF
HARTFORD CASUALTY
INSURANCE COMPANY

"2"

**JOINT TORTFEASOR SETTLEMENT RELEASE AND INDEMNITY AGREEMENT**

This Settlement Agreement (the "Agreement") is made and entered into as of this 27th day of October, 2004 (the "Effective Date"), by and between Nicole Marie Cruz ("Cruz"), on one hand, and First Impressions Imaging, Inc. ("First Impressions") and Pixel Magic Imaging, Inc. ("Pixel Magic"), on the other hand. Cruz, First Impressions and Pixel Magic will hereinafter be collectively referred to as the "Parties."

**RECITALS**

WHEREAS, bona fide disputes and controversies exist between the Parties relating to the photography of Cruz's children for which Cruz alleges she suffered emotional distress;

WHEREAS, by reason of such disputes and controversies, Cruz filed an Amended Complaint in the Superior Court for the State of Rhode Island, Providence S.C. in Cause Number C.A. No. 04-1146, in a matter styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation* (the "Lawsuit");

WHEREAS, the Parties desire to settle fully and finally, in the manner set forth in this Agreement, all claims and causes of action of any kind whatsoever which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement;

WHEREAS, the Parties agree that this Agreement constitutes a settlement of disputed claims, that nothing contained herein shall be construed as an admission of liability by the Parties and that all such liability is expressly denied, and that nothing contained herein shall be construed as an admission by First Impressions or Pixel Magic of the amount or extent of any damages, and that any damages are expressly denied;

WHEREAS, the Parties represent and warrant that they have not assigned any of the claims or causes of action released herein; and,

WHEREAS, the Parties negotiated and mutually drafted the terms of this Agreement and therefore waive any presumption against the drafter in the interpretation of the terms of this Agreement.

NOW, THEREFORE, in consideration of the Recitals and the mutual promises, covenants, and agreements set forth herein, and in full compromise, release and settlement, accord and satisfaction, and discharge of the claims or causes of action referred to herein, in the manner described herein, whether known or unknown, possessed by or belonging to the Parties hereto, the Parties covenant and agree as follows:

1. <u>Capacity/Authority</u>: The Parties covenant, acknowledge, and represent that each has the capacity, power, and authority to enter into this Agreement. The Parties further covenant, acknowledge, and represent that this Agreement and all of its terms and conditions are valid, binding, and enforceable upon such party.

2. <u>Release</u>: FOR AND IN CONSIDERATION OF THE PAYMENT to Nicole Marie Cruz of the sum of One Million ($1,000,000.00) Dollars ("the Payment"), Nicole Marie Cruz, being

of lawful age, has released and discharged, and by these presents do for herself, her heirs, executors, administrators and assigns, release, acquit and forever discharge Pixel Magic Imaging, Inc., ("Pixel Magic") and First Impressions Imaging, Inc., ("First Impressions") and their officers, directors, agents, servants and employees and their respective heirs, executors, administrators, representatives, successors and assigns, from any and all actions, causes of action, claims, demands, damages, costs, loss of services, loss of consortium, expenses, compensation, consequential damage, including but not limited to claims for intentional and/or negligent infliction of emotional distress or any other thing whatsoever on account of or in any way growing out of any and all known and unknown personal injuries and death or property damage resulting or to result from any occurrence involving the claims set forth in Providence County Superior Court, Case No. 04-1146 which occurred in Providence, Rhode Island, in or about March of 2001.

Nicole Marie Cruz hereby acknowledges and assumes all risk, chance or hazard that the said injuries or damage may be or become permanent, progressive, greater, or more extensive than is now known, anticipated or expected. No promise or inducement which is not herein expressed has been made to Nicole Marie Cruz, and in executing this release Nicole Marie Cruz does not rely upon any statement or representation made by any person, firm or corporation, hereby released, or any agent or any other person, firm or corporation, hereby released, or any agent or any other person representing them or any of them, concerning the nature, extent or duration of said damages or losses or the legal liability therefor.

It is understood and agreed that this "Joint Tortfeasor's Release" shall reduce to the extent of the sum paid or the pro-rata share of the parties released, whichever is greater, any damages recoverable by Nicole Marie Cruz, or anyone claiming by or through Nicole Marie Cruz, against any other individual or corporation by reason of the injuries alleged to have been sustained by Nicole Marie Cruz and to that end, Nicole Marie Cruz does hereby release, acquit and discharge any other persons, firms or corporations whatsoever and each of them from any and all actions, causes of action, claims and demands for, upon or by reason of the pro-rata share caused by or attributable to the "parties released" because of the injuries sustained by Nicole Marie Cruz in connection with the aforesaid incident occurring in or about March of 2001.

This release is given under and in compliance with the provisions of Rhode Island General Laws, 1956, Sections 10-6-1 to 10-6-11 inclusive and all amendments thereof and additions thereto.

Nicole Marie Cruz further agrees that she will indemnify and hold harmless the persons, firms or corporations released herein of and from any claim including but not limited to any claim for contribution or indemnity arising out of or growing out of any claim by any other persons, firms or corporations on account of or in any manner resulting from the injuries, losses and damages sustained as a result of the occurrence or accident referred to above.

In order to further secure this indemnification and hold harmless agreement, Nicole Marie Cruz hereby assigns to the released parties any judgment or settlement she may receive from or be awarded against any or all non-released parties for the limited purpose of satisfying any judgment which any non-released party or parties may obtain over against the released parties.

Nicole Marie Cruz further understands that this settlement is a compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of the persons, firms or corporations hereby released, by whom liability is expressly denied.

Nicole Marie Cruz further states that she has carefully read the forgoing release and fully understands the terms and signs the same as her own free act and deed.

3. Covenant Not to Execute and Settlement Assignment: In consideration for Cruz's agreement and covenant that she will not levy, execute, or attempt to levy or execute (including by any issuance or filing of abstract of judgment) against the assets or property, real or personal, of any kind or description, of Pixel Magic or First Impressions or their successors, Pixel Magic and First Impressions, in complete satisfaction of the Payment upon execution of this Agreement, shall assign to Cruz all rights and causes of action they own against Hartford Casualty Insurance Company ("Hartford") for denial of coverage and/or for coverage under Policy # 65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy") for the events alleged in the Lawsuit. The Assignment shall be in a form attached hereto as Exhibit A ("the Assignment") and shall be executed herewith.

4. Dismissal of the Lawsuit: The Parties agree to file, no later than 11/15/04, 2004, in the Lawsuit an Agreed Motion to Dismiss With Prejudice, dismissing all claims asserted or assertable by the Parties against each other in the Lawsuit, no later than three (3) business days after Pixel Magic and First Impressions's signing of the Assignment.

5. Costs and Attorneys' Fees: The Parties shall bear their own attorney's fees, court costs, and other expenses incurred from expenditures arising from or related to the Lawsuit.

6. Insurance Documentation: Cruz represents and warrants that she has received a copy of correspondence between Pixel Magic, First Impressions, and Hartford and a copy of the Policies.

Pixel Magic and First Impressions hereby warrant that true, accurate, and complete copies of the policies have been provided to Cruz. Pixel Magic and First Impressions hereby warrant that a true, accurate and complete copy of the contract between First Impressions and Women & Infants' Hospital, entitled "Newborn Photography Agreement," has been provided to Cruz.

7. Denial of Liability: The Parties hereto recognize that, by entering into this Agreement, the Parties do not admit, and do specifically deny, any violation of any law, common or statutory. The Parties further recognize that this Agreement has been entered into in RELEASE AND COMPROMISE of the claims described herein, and to avoid the expense and burden of any litigation related thereto. The parties further recognize that, by entering into this Agreement, Pixel Magic and First Impressions do not admit, and do specifically deny, the amount and extent of Cruz's damages, if any.

8. Indemnification: This Agreement in not intended to foreclose or preclude Cruz's claims asserted in the Lawsuit against Women and Infants' Hospital of Rhode Island. However, should Women and Infants' Hospital of Rhode Island bring any claim, including a cross-claim, counterclaim, or separate lawsuit, against Pixel Magic or First Impressions arising out of the

claims asserted by Cruz in the Lawsuit, Cruz agrees to indemnify Pixel Magic and First Impressions for any damages First Impressions or Pixel Magic may incur as a result of that claim by Women and Infants' Hospital of Rhode Island. Cruz further agrees to indemnify Pixel Magic and First Impressions for any attorney's fees First Impressions or Pixel Magic may incur as a result of any claim by Women and Infants' Hospital of Rhode Island, to be paid from the proceeds of any settlement or judgment Cruz may receive from Hartford or Women and Infants' Hospital of Rhode Island. Cruz agrees that First Impressions or Pixel Magic are entitled to a lien against any settlement or judgment Cruz may receive from Hartford or Women and Infants' Hospital to secure this attorney's fees indemnification obligation.

9. Severability: If any provision or term of this Agreement is held to be illegal, invalid, or unenforceable, such provision or term shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term there shall be added automatically as a part of this Agreement another provision or term as similar to the illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable.

10. Entire Agreement: With the exception of the Assignment, this Agreement constitutes the entire Agreement of the Parties, and supersedes all prior and contemporaneous negotiations and agreements, oral or written. All prior and contemporaneous negotiations and agreements are deemed incorporated and merged into this Agreement and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by either party in executing this Agreement other than the express representations of this Agreement. This Agreement cannot be changed or terminated without the express written consent of the Parties.

11. Duty to Cooperate: Pixel Magic and First Impressions further agree to cooperate with Cruz in connection with requests for information and documents or testimony in connection with the matter pending against Women and Infants' Hospital of Rhode Island.

12. Waiver: The failure of any Party hereto to object or to take affirmative action with respect to any conduct of the other which is a breach of any term of this Agreement shall not be construed as a waiver of any future breach or any subsequent wrongful conduct.

13. Counterparts: This Agreement may be signed in counterparts, each of which shall be deemed an original hereof, but all of which together shall constitute one and the same instrument.

14. Arbitration: The Parties shall submit any dispute arising out of this Agreement to arbitration before a mutually agreeable arbitrator. If the Parties cannot reach an agreement regarding selection of the arbitrator, each Party shall choose an arbitrator, and those arbitrators so chosen shall designate a third arbitrator that shall serve. Any arbitrator selected shall be neutral and have no conflicts of interest as to the Parties. The arbitration shall be conducted in

accordance with the rules and procedures of the American Arbitration Association in effect at the time of the arbitration.

15. Choice of Law: This Agreement shall be construed in accordance with and governed by the laws of Rhode Island.

16. Statement of Understanding: By executing this Agreement, the Parties represent and warrant that (a) they have read this Assignment and fully understand the terms and their import; (b) they have consulted with their respective attorneys prior to executing this Assignment; (c) any and all questions regarding the terms of this Assignment have been asked and answered to their complete satisfaction; (d) they have had a reasonable time to consider the terms of the Agreement, or they have waived any right to review the Agreement for such a period of time; (e) the consideration provided for herein is good and valuable; (f) this Agreement is entered into voluntarily, of the Parties' own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever.

EXECUTED in Providence, Rhode Island this 27th day of October, 2004.

NICOLE MARIE CRUZ

GREGORY L. BOYER, ESQUIRE
Attorney for Nicole Marie Cruz

EXECUTED in San Marcos, Texas this 11th day of NOVEMBER, 2004.

**PIXEL MAGIC IMAGING, INC.**

By: [signature]

Its COO

EXECUTED in San Marcos, Texas this 11th day of November, 2004.

**FIRST IMPRESSIONS IMAGING, INC.**

By: [signature]

Its: CFO

[signature]

**GEOFF UNGER, ESQ.**
**Attorney for Pixel Magic Imaging, Inc.**
**and First Impressions Imaging, Inc.**

113"

## ASSIGNMENT

This Assignment (the "Assignment") is made and entered into as of this 27th day of October, 2004 (the "Effective Date"), by and between Nicole Marie Cruz ("Cruz"), on one hand, and First Impressions Imaging, Inc. ("First Impressions") and Pixel Magic Imaging, Inc. ("Pixel Magic"), on the other hand. Cruz, First Impressions and Pixel Magic will hereinafter be collectively referred to as the "Parties."

## RECITALS

WHEREAS, Cruz has filed an Amended Complaint against First Impressions in the Superior Court for the State of Rhode Island, Providence S.C. in Cause Number C.A. No. 04-1146, in a matter styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation* (the "Lawsuit");

WHEREAS, First Impressions and Pixel Magic are insured under and owners and beneficiaries of two insurance policies issued by Hartford Casualty Insurance Company ("Hartford") identified as Policy # 65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy"). The Special Multi-Flex Policy and the Umbrella Liability Policy will hereinafter be collectively referred to as the "Policies;"

WHEREAS, First Impressions and Pixel Magic notified Hartford of the Lawsuit and filed a claim under the Policies with Hartford related to the allegations in the Lawsuit, to which claim Hartford assigned file number YCH L 22281, requesting that Hartford provide First Impressions with a defense to and indemnity for the Lawsuit;

WHEREAS, Hartford refused coverage and refused to defend or indemnify First Impressions and Pixel Magic for the claims asserted in the Lawsuit in letters dated April 28, 2004 and June 4, 2004;

WHEREAS, Hartford's refusal to provide coverage to Pixel Magic and First Impressions gives rise to Pixel Magic and First Impressions's right to pursue various tort, contract, statutory and common law claims and causes of action against Hartford under Texas law for failure to defend and indemnify the claims asserted in the Lawsuit;

WHEREAS, the Parties have agreed to settle fully and finally, in the manner set forth in the Joint Tortfeasor Settlement Release and Indemnity Agreement signed concurrently herewith (the "Settlement Agreement"), all claims and causes of action of any kind asserted or assertable in the Lawsuit by an assignment to Cruz of Pixel Magic and First Impressions's rights against Hartford for denial of coverage;

NOW, THEREFORE, the Parties covenant and agree as follows:

1. <u>Assignment</u>. For and in consideration of Cruz's Release and Covenant Not to Execute against Pixel Magic and First Impressions for the One Million ($1,000,000.00) Dollar settlement reached between the Parties, Pixel Magic and First Impressions hereby

GRANT, CONVEY, and ASSIGN to Cruz and her legal representatives and assigns, any and all claims or causes of action (the "Assigned Claims") that Pixel Magic and First Impressions may have against Hartford for Hartford's refusal to defend or indemnify First Impressions and Pixel Magic from the Lawsuit. The Assigned Claims include any causes of action recognized under the laws of the State of Rhode Island or other applicable jurisdictions arising out of the refusal of Hartford to defend or indemnify, or provide coverage to, Pixel Magic and First Impressions for the claims asserted in the Lawsuit.

2. Entire Agreement: With the exception of the Settlement Agreement, this Assignment constitutes the entire Agreement of the Parties, and supersedes all prior and contemporaneous negotiations and agreements, oral or written. All prior and contemporaneous negotiations and agreements are deemed incorporated and merged into this Assignment and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by either party in executing this Assignment other than the express representations of this Assignment. This Assignment cannot be changed or terminated without the express written consent of the Parties.

3. Counterparts: This Agreement may be signed in counterparts, each of which shall be deemed an original hereof, but all of which together shall constitute one and the same instrument.

4. Statement of Understanding: By executing this Agreement, the Parties represent and warrant that (a) they have read this Assignment and fully understand the terms and their import; (b) they have consulted with their respective attorneys prior to executing this Assignment; (c) any and all questions regarding the terms of this Assignment have been asked and answer to their complete satisfaction; (d) they have had a reasonable time to consider the terms of the Agreement, or they have waived any right to review the Agreement for such a period of time; (e) the consideration provided for herein is good and valuable; (f) this Agreement is entered into voluntarily, of the Parties' own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever.

EXECUTED in Providence, Rhode Island this 27th day of October, 2004.

NICOLE MARIE CRUZ

GREGORY L. BOYER, ESQUIRE
Attorney for Nicole Marie Cruz



Gray Cary\AU\4132332.1
2504513-1

EXECUTED in San Marcos, Texas this 11th day of November, 2004.

**PIXEL MAGIC IMAGING, INC.**

By: [signature]

Its: COO

EXECUTED in San Marcos, Texas this 11th day of November, 2004.

**FIRST IMPRESSIONS IMAGING, INC.**

By: [signature]

Its: CFO

[signature]

**GEOFF UNGER, ESQUIRE**
**Attorney for Pixel Magic Imaging, Inc.**
**and First Impressions Imaging, Inc.**



Gray Cary\AU\4132332.1
2504513-1