UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICOLE MARIE CRUZ | : |
| | : |
| -vs- | : C.A. NO. 05-38S |
| | : |
| HARTFORD CASUALTY INSURANCE COMPANY | : |

**PLAINTIFF'S OBJECTION TO DEFENDANT, HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO TRANSFER VENUE**

Now comes the plaintiff, Nicole Marie Cruz, and herein objects to the defendant, Hartford Casualty Insurance Company's motion to transfer venue to the United States District Court for the Western District of Texas. In support of this objection the plaintiff responds to defendant's motion by the defendant's numbered paragraphs as follows:

1. The previously filed action in the Western District of Texas entitled *Hartford Casualty Insurance Company v. Pixel Magic Imaging, Inc., First Impressions Imaging, Inc., and Nicole Marie Cruz,* Civil Action No. A-04-CA-1093-LY, (W.D. Texas), (defendant has erroneously used the Texas number as 04-CV-01093), (the Texas action), is defective in that the United States District Court for the Western District of Texas, Austin Division, has no personal jurisdiction over the plaintiff, Nicole Marie Cruz. The plaintiff, Cruz, currently has pending in the Texas action a "Verified Special Appearance and, Subject to Special Appearance, a Motion to Quash Service of Process; to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Service of Process, and Improper Venue; or, in the Alternative, to Dismiss or Transfer to Proper and More Convenient Venue," and an affidavit of Nicole Marie Cruz. (See Exhibit D). The motion is supported by the affidavit of Nicole Marie Cruz substantiating that she has no ties to

14

the State of Texas and that the Texas court has no jurisdiction over her person. As of the date of filing this objection no date has been scheduled in Texas Federal Court for hearing on the motion.

2. Although filed first by 17 days, Hartford's Texas action was filed in response to a threat of imminent litigation, of which Hartford was notified by correspondence of December 7, 2004, notifying Hartford of the settlement between the plaintiff and the defendant in the underlying action, First Impressions, and its parent company, Pixel. (Exhibit E). Plaintiff advised of the settlement in the correspondence enumerated in this letter of December 7, 2004, and requested payment of the settlement within 30 days, or action would be filed in the Providence County Superior Court. The filing of the Texas action constituted an improper "anticipatory filing." *See, Toy Biz, Inc. v. Centuri Corporation,* 990 F.Supp. 328, 332 (S.D.N.Y. 1998), and *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144 (S.D.N.Y. 1995).

In this case, the plaintiff, Cruz, notified the defendant, Hartford, of the settlement and requested payment of the settlement, further indicating that the plaintiff would give the defendant 30 days to pay the settlement, and even advised Hartford of her choice of forum, the Providence County Superior Court. Hartford seized upon this 30-day period to file its own action in a jurisdiction far from the circumstances which gave rise to the underlying tort action, and to which jurisdiction the plaintiff has no ties. (See affidavit of plaintiff appended to Exhibit D).

3. Hartford's Texas action is not more comprehensive, and, in fact, includes Pixel and First Impressions, who are no longer the real parties in interest. The settlement agreement and assignment in the underlying action transferred to the plaintiff any rights that First Impressions or Pixel may have had under the Commercial General Liability Policy with Hartford. Because Hartford refused to defend First Impressions in the underlying action, the only issue left for the

Court to decide is whether Hartford had a duty to defend. If no duty exists, then the claim of Cruz under the assignment is a nullity. Pixel and First Impressions are not necessary parties for that determination. It should further be noted that prior to the settlement between Cruz and First Impressions in the underlying action, Hartford could have brought a declaratory judgment action while First Impressions had an interest in the action. Hartford chose to refuse to defend. It was not until First Impressions and Pixel settled and were no longer the real party in interest that Hartford filed the Texas action.

4. While the plaintiff could have traveled to Texas and brought this action in the Western District of Texas, Austin Division, the plaintiff had no obligation to do so, and has no ties or connection to the State of Texas.

5-6. While the Hartford policy that is the subject of this dispute was issued to Pixel and First Impressions in Texas, where the insured has its principal place of business, Texas insurance law does not apply in that the policy which was written covers an insured doing business in the State of Rhode Island and issued coverages for "bodily injury," "personal injury," and "advertising injury," which must be governed by the state within which the actions occurred, i.e., Rhode Island, not Texas. First Impressions took the photographs of the plaintiff's dead children in Rhode Island, and the photographs of the plaintiff's dead children were delivered to the plaintiff in Women & Infants Hospital in Rhode Island with words of congratulations on the face of the photographs. Whether these actions which the plaintiff has alleged constitute negligent and/or intentional infliction of emotional distress under the policy issued by Hartford must be governed by the location where the actions took place and subject to the laws of the State of Rhode Island, where the actions took place.

7. While the plaintiff agrees that the actions cannot and should not proceed on the same issue in two separate courts, the plaintiff has limited financial resources, and it would present a financial hardship for her to proceed in Texas. Plaintiff's additional affidavit, (Exhibit F), sets forth her original arrangements with Rhode Island counsel to handle the matter on a contingency basis. Plaintiff, through her local counsel, had to obtain counsel in Texas to defend the Texas action, and has indebted herself for an hourly rate of defense of $200.00 and $250.00 per hour to retain the Law Office of Sean Michael Quinn. Counsel in Texas has been retained to file the motion to dismiss and/or transfer venue to Rhode Island, currently pending in the Texas action, but the plaintiff has great concerns of her ability to respond to legal expenses should the matter proceed beyond the motion to dismiss and/or transfer venue pending in the Texas action.

8. Hartford sets forth that the "interests of justice" require that this action be transferred to the Western District of Texas without enumerating the basis upon which the "interests of justice" rest. Hartford is a large corporation with its principal place of business in Hartford, Connecticut, and who, upon information and belief, has significantly greater financial resources which would make it irrelevant for Hartford which jurisdiction this case is litigated in. The plaintiff, alternatively, may be unable to defend this matter in Texas to its conclusion should the matter be transferred as the defendant, Hartford, requests.

WHEREFORE, the plaintiff respectfully requests, for the reasons set forth herein and more fully enumerated in the memorandum in support of this objection, that the defendant, Hartford's motion for transfer of venue be denied.

Respectfully submitted,
NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

I hereby certify that on the 16th day of March, 2005, I mailed a copy of the above to Michael J. Marcello, Esquire, MORRISON MAHONEY LLP, 121 South Main Street, Suite 600, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICOLE MARIE CRUZ | : |
| | : |
| -vs- | : C.A. NO. 05-38S |
| | : |
| HARTFORD CASUALTY INSURANCE COMPANY | : |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT, HARTFORD CASUALTY INSURANCE COMPANY'S MOTION TO TRANSFER VENUE**

Defendant, in its motion to transfer venue, set forth eight reasons for transfer of venue. Plaintiff's response to this motion is threefold. First, Hartford's Texas action is defective in that there is no personal jurisdiction over the plaintiff, Nicole Marie Cruz. When Hartford's Texas action was filed, plaintiff was required to obtain counsel in Texas, who have filed a Verified Special Appearance, and, Subject to the Special Appearance, a Motion to Quash Service of Process; to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Service of Process, and Improper Venue; or, in the Alternative, to Dismiss or Transfer to Proper and More Convenient Venue. (As of the date of filing of this objection no hearing date has been scheduled in Texas Federal Court on the motion). Plaintiff's counsel in Texas has enumerated in Exhibit D all of the bases upon which there is no jurisdiction over the plaintiff, why process was insufficient and venue improper. Defendant, Hartford, sets forth no basis in either their motion to transfer venue or memorandum in support thereof why the Western District of Texas, Austin Division, has personal jurisdiction over the plaintiff in this action, Nicole Marie Cruz.

Additionally, under Paragraph 15, entitled Choice of Law, the Joint Tortfeasor Settlement Release and Indemnity "Agreement shall be construed in accordance with and governed by the laws of Rhode Island." (Exhibit B).

Second, Hartford sets forth in their motion to transfer venue and in their memorandum that the interest of justice requires transfer of this case in favor of Hartford's first-filed Texas action. Defendant, Hartford, does not alert the Court to the fact that plaintiff gave notice to Hartford on December 7, 2004, of the settlement between Nicole Marie Cruz, First Impressions and Pixel. Plaintiff made demand for the settlement under the terms of the agreement and furnished Hartford with the settlement agreement and assignment. Plaintiff further advised Hartford of her intention to proceed with suit in the Providence County Superior Court if the settlement was not paid within 30 days.

Hartford chose to not respond to plaintiff's demand, but rather to retain counsel in the Western District of Texas and file suit in anticipation of the plaintiff's previously expressed choice of jurisdiction.

When two actions involving the same parties and embracing the same issues are brought in different Federal District Courts, the Court in the first-filed action has the power to enjoin the parties from proceeding in the second action, and indeed should do so absent a showing of special circumstances that would give priority to the second action. Special circumstances that would warrant giving priority to a second-filed suit have been found to be present where the first suit constitutes an "improper anticipatory filing," i.e., one made under a direct threat of imminent litigation. *See, Toy Biz, Inc. v. Centuri Corporation,* 990 F.Supp. 328, 332 (S.D.N.Y. 1998).

> "A filing in this context is improper where it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected

> to choose. Where a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit. Otherwise, potential plaintiffs would be discouraged from first attempting to resolve their claims without resorting to litigation. And, as this Court commented almost two decades ago, due to 'federal court calendars becoming increasingly burdened, attorneys should exercise a correspondingly increased responsibility to attempt to resolve disputes without using limited judicial resources to decide issues which might, by responsible discussions between reasonable people, be settled out of court'." *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995).

In this case, the plaintiff, Cruz, notified the defendant, Hartford, of the settlement and requested payment of the settlement, further indicating that the plaintiff would give the defendant 30 days to pay under the settlement, and even advised Hartford of her choice of forum, the Providence County Superior Court. Hartford seized upon this 30-day period to file its own action in a jurisdiction far from the circumstances which gave rise to the underlying tort action, and to which jurisdiction the plaintiff has no ties. (See affidavit of plaintiff appended to Exhibit D).

Third, the defendant asserts to this Court that there are no special circumstances warranting departure from the first-filed rule. Plaintiff clearly is grossly inconvenienced by the Texas jurisdiction for all of the reasons set forth in the affidavit filed in opposition to the Texas court having personal jurisdiction over her. The plaintiff has had to go to additional expense to hire counsel in Texas to move to dismiss the claim filed, and has great concerns as expressed in

the affidavit attached, (Exhibit F), regarding her financial ability to continue to defend the action in Texas should the Court transfer jurisdiction of this case there.

Further, Hartford could have filed a declaratory judgment action at any time while the underlying action was pending in Rhode Island State Court. They chose to refuse to defend. It was not until First Impressions and Pixel settled with Cruz that Hartford filed the Texas action. Clearly, First Impressions and Pixel, after settling with Cruz, are no longer the real parties in interest.

Moreover, all of the facts and circumstances of the tort allegations which the plaintiff has made in the underlying action arise from actions occurring in Rhode Island. The plaintiff went to the hospital in Rhode Island, her dead children were photographed by a company doing business in the State of Rhode Island, the pictures of her dead children were delivered to her in the State of Rhode Island, and suffered her injuries in the State of Rhode Island. It would seem that the State of Rhode Island would have a compelling interest in determining whether the Hartford policy covering a Texas defendant for actions in the State of Rhode Island applies to the injuries alleged by the plaintiff in her underlying action.

Respectfully submitted,
NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

I hereby certify that on the 16th day of March, 2005, I mailed a copy of the above to Michael J. Marcello, Esquire, MORRISON MAHONEY LLP, 121 South Main Street, Suite 600, Providence, RI 02903.