UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICOLE MARIE CRUZ :
:
-vs- : C.A. NO. 05-38S
:
HARTFORD CASUALTY INSURANCE :
COMPANY :

RECEIVED MAR 23 2005 U.S. CLERK OF COURT DISTRICT OF RHODE ISLAND

**PLAINTIFF'S EXHIBITS IN SUPPORT OF STATEMENT OF ELEMENTS, OBJECTION TO DEFENDANT'S MOTION TO TRANSFER VENUE, AND MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO TRANSFER VENUE**

Now comes the plaintiff, Nicole Marie Cruz, and hereby files the following exhibits in support of her Statement of Elements, Objection to Defendant's Motion to Transfer Venue, and Memorandum in Support of Objection to Motion to Transfer Venue:

A - Amended complaint in underlying action filed in the Providence County Superior Court, C.A. No. 04-1146.

B - Joint Tortfeasor Settlement Release and Indemnity Agreement.

C - Assignment.

D - Defendant's Cruz's Verified Special Appearance and Subject to Special Appearance, Defendant Cruz's Motion to Quash Service of Process; to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Service of Process and Improper Venue; or, in the Alternative, to Dismiss or Transfer to Proper and More Convenient Venue and supporting affidavit of Nicole Marie Cruz.

E - Letter of December 7, 2004, to Hartford notifying Hartford of the settlement between the plaintiff and the defendant in the underlying action.

16

F - Affidavit of Nicole Marie Cruz dated March 10, 2005.

Respectfully submitted,
NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

I hereby certify that on the 23rd day of March, 2005, I mailed a copy of the above to Michael J. Marcello, Esquire, MORRISON MAHONEY LLP, 121 South Main Street, Suite 600, Providence, RI 02903.

11A"

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NICOLE MARIE CRUZ

-vs-

C.A. NO. 04-1146

WOMEN & INFANTS' HOSPITAL OF RHODE ISLAND, FIRST IMPRESSIONS IMAGING, INC., and JOHN DOE CORPORATION

**AMENDED COMPLAINT**

1. Plaintiff, Nicole Marie Cruz, at all times relevant hereto is an individual residing in the City of Providence, State of Rhode Island.

2. Defendant, Women & Infants' Hospital of Rhode Island, based upon information and belief, is a corporation organized under the laws of the State of Rhode Island, doing business therein.

3. Defendant, First Impressions Imaging, Inc., based upon information and belief, is a corporation with its principal place of business as 631 Mill Street, San Marcos, Texas 78666, with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

4. Defendant, John Doe Corporation, based upon information and belief, is an entity conducting photographic services in connection with and/or independent of defendants, Women & Infants' Hospital of Rhode Island and First Impressions Imaging, Inc., with sufficient minimum contacts with the State of Rhode Island to make it amenable to suit therein.

COUNT I – INTENTION INFLICTION OF EMOTIONAL DISTRESS

4. On or about March 16, 2001, plaintiff, while at the defendant, Women & Infants' Hospital of Rhode Island, gave birth to twin children, one of whom was stillborn and one of whom deceased after five minutes.

5. Subsequent to the death of the plaintiff's twins, the defendants undertook to pose, arrange, and otherwise photograph the deceased children.

6. The defendants delivered the photographs of the deceased children to the plaintiff with words of congratulations on the face of a number of the photographs of the deceased children.

7. The conduct of the defendants was outrageous in character.

8. The conduct of the defendants was so extreme in degree that it exceeded all bounds usually tolerated in a decent society.

9. The conduct of the defendants was of a nature especially calculated to cause the emotional distress that resulted.

10. The conduct of the defendants resulted in emotional distress, resulting in objectively measurable physical symptoms and mental injury.

11. As a direct and proximate result of the conduct of the defendants, the plaintiff sustained damages.

WHEREFORE, the plaintiff demands judgment from the defendants in a sum sufficient to compensate her for her losses, plus interest and costs.

COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

12. Plaintiff reasserts all allegations contained within Paragraphs 1 through 11 of Count I of plaintiff's complaint.

13. Plaintiff was the mother of the deceased children.

14. Plaintiff was present at the time the photographs were delivered, and upon viewing the photographs, became aware of the fact that the photographs depicted her deceased children.

15. As a direct and proximate result of the actions of the defendants, the plaintiff suffered serious emotional injury that resulted in objectively measurably physical and psychiatric symptoms.

16. The emotional injuries suffered by the plaintiff were the direct and proximate result of the plaintiff observing the photographs which were taken by the defendants and delivered to the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendants in a sum sufficient to compensate her for her losses.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY.

NICOLE MARIE CRUZ
By her attorney

Gregory L. Boyer, Esquire #3285
170 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 490-5534
Fax: (401) 490-5536

Dated: March 26, 2004

"B"

# JOINT TORTFEASOR SETTLEMENT RELEASE AND INDEMNITY AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 27th day of October, 2004 (the "Effective Date"), by and between Nicole Marie Cruz ("Cruz"), on one hand, and First Impressions Imaging, Inc. ("First Impressions") and Pixel Magic Imaging, Inc. ("Pixel Magic"), on the other hand. Cruz, First Impressions and Pixel Magic will hereinafter be collectively referred to as the "Parties."

## RECITALS

WHEREAS, bona fide disputes and controversies exist between the Parties relating to the photography of Cruz's children for which Cruz alleges she suffered emotional distress;

WHEREAS, by reason of such disputes and controversies, Cruz filed an Amended Complaint in the Superior Court for the State of Rhode Island, Providence S.C. in Cause Number C.A. No. 04-1146, in a matter styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation* (the "Lawsuit");

WHEREAS, the Parties desire to settle fully and finally, in the manner set forth in this Agreement, all claims and causes of action of any kind whatsoever which existed or may have existed prior to, or contemporaneously with, the execution of this Agreement;

WHEREAS, the Parties agree that this Agreement constitutes a settlement of disputed claims, that nothing contained herein shall be construed as an admission of liability by the Parties and that all such liability is expressly denied, and that nothing contained herein shall be construed as an admission by First Impressions or Pixel Magic of the amount or extent of any damages, and that any damages are expressly denied;

WHEREAS, the Parties represent and warrant that they have not assigned any of the claims or causes of action released herein; and,

WHEREAS, the Parties negotiated and mutually drafted the terms of this Agreement and therefore waive any presumption against the drafter in the interpretation of the terms of this Agreement.

NOW, THEREFORE, in consideration of the Recitals and the mutual promises, covenants, and agreements set forth herein, and in full compromise, release and settlement, accord and satisfaction, and discharge of the claims or causes of action referred to herein, in the manner described herein, whether known or unknown, possessed by or belonging to the Parties hereto, the Parties covenant and agree as follows:

1. <u>Capacity/Authority</u>: The Parties covenant, acknowledge, and represent that each has the capacity, power, and authority to enter into this Agreement. The Parties further covenant, acknowledge, and represent that this Agreement and all of its terms and conditions are valid, binding, and enforceable upon such party.

2. <u>Release</u>: FOR AND IN CONSIDERATION OF THE PAYMENT to Nicole Marie Cruz of the sum of One Million ($1,000,000.00) Dollars ("the Payment"), Nicole Marie Cruz, being

of lawful age, has released and discharged, and by these presents do for herself, her heirs, executors, administrators and assigns, release, acquit and forever discharge Pixel Magic Imaging, Inc., ("Pixel Magic") and First Impressions Imaging, Inc., ("First Impressions") and their officers, directors, agents, servants and employees and their respective heirs, executors, administrators, representatives, successors and assigns, from any and all actions, causes of action, claims, demands, damages, costs, loss of services, loss of consortium, expenses, compensation, consequential damage, including but not limited to claims for intentional and/or negligent infliction of emotional distress or any other thing whatsoever on account of or in any way growing out of any and all known and unknown personal injuries and death or property damage resulting or to result from any occurrence involving the claims set forth in Providence County Superior Court, Case No. 04-1146 which occurred in Providence, Rhode Island, in or about March of 2001.

Nicole Marie Cruz hereby acknowledges and assumes all risk, chance or hazard that the said injuries or damage may be or become permanent, progressive, greater, or more extensive than is now known, anticipated or expected. No promise or inducement which is not herein expressed has been made to Nicole Marie Cruz, and in executing this release Nicole Marie Cruz does not rely upon any statement or representation made by any person, firm or corporation, hereby released, or any agent or any other person, firm or corporation, hereby released, or any agent or any other person representing them or any of them, concerning the nature, extent or duration of said damages or losses or the legal liability therefor.

It is understood and agreed that this "Joint Tortfeasor's Release" shall reduce to the extent of the sum paid or the pro-rata share of the parties released, whichever is greater, any damages recoverable by Nicole Marie Cruz, or anyone claiming by or through Nicole Marie Cruz, against any other individual or corporation by reason of the injuries alleged to have been sustained by Nicole Marie Cruz and to that end, Nicole Marie Cruz does hereby release, acquit and discharge any other persons, firms or corporations whatsoever and each of them from any and all actions, causes of action, claims and demands for, upon or by reason of the pro-rata share caused by or attributable to the "parties released" because of the injuries sustained by Nicole Marie Cruz in connection with the aforesaid incident occurring in or about March of 2001.

This release is given under and in compliance with the provisions of Rhode Island General Laws, 1956, Sections 10-6-1 to 10-6-11 inclusive and all amendments thereof and additions thereto.

Nicole Marie Cruz further agrees that she will indemnify and hold harmless the persons, firms or corporations released herein of and from any claim including but not limited to any claim for contribution or indemnity arising out of or growing out of any claim by any other persons, firms or corporations on account of or in any manner resulting from the injuries, losses and damages sustained as a result of the occurrence or accident referred to above.

In order to further secure this indemnification and hold harmless agreement, Nicole Marie Cruz hereby assigns to the released parties any judgment or settlement she may receive from or be awarded against any or all non-released parties for the limited purpose of satisfying any judgment which any non-released party or parties may obtain over against the released parties.

Nicole Marie Cruz further understands that this settlement is a compromise of a doubtful and disputed claim and that the payment is not to be construed as an admission of liability on the part of the persons, firms or corporations hereby released, by whom liability is expressly denied.

Nicole Marie Cruz further states that she has carefully read the forgoing release and fully understands the terms and signs the same as her own free act and deed.

3. Covenant Not to Execute and Settlement Assignment: In consideration for Cruz's agreement and covenant that she will not levy, execute, or attempt to levy or execute (including by any issuance or filing of abstract of judgment) against the assets or property, real or personal, of any kind or description, of Pixel Magic or First Impressions or their successors, Pixel Magic and First Impressions, in complete satisfaction of the Payment upon execution of this Agreement, shall assign to Cruz all rights and causes of action they own against Hartford Casualty Insurance Company ("Hartford") for denial of coverage and/or for coverage under Policy # 65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy") for the events alleged in the Lawsuit. The Assignment shall be in a form attached hereto as Exhibit A ("the Assignment") and shall be executed herewith.

4. Dismissal of the Lawsuit: The Parties agree to file, no later than 11/15/04, 2004, in the Lawsuit an Agreed Motion to Dismiss With Prejudice, dismissing all claims asserted or assertable by the Parties against each other in the Lawsuit, no later than three (3) business days after Pixel Magic and First Impressions's signing of the Assignment.

5. Costs and Attorneys' Fees: The Parties shall bear their own attorney's fees, court costs, and other expenses incurred from expenditures arising from or related to the Lawsuit.

6. Insurance Documentation: Cruz represents and warrants that she has received a copy of correspondence between Pixel Magic, First Impressions, and Hartford and a copy of the Policies.

Pixel Magic and First Impressions hereby warrant that true, accurate, and complete copies of the policies have been provided to Cruz. Pixel Magic and First Impressions hereby warrant that a true, accurate and complete copy of the contract between First Impressions and Women & Infants' Hospital, entitled "Newborn Photography Agreement," has been provided to Cruz.

7. Denial of Liability: The Parties hereto recognize that, by entering into this Agreement, the Parties do not admit, and do specifically deny, any violation of any law, common or statutory. The Parties further recognize that this Agreement has been entered into in RELEASE AND COMPROMISE of the claims described herein, and to avoid the expense and burden of any litigation related thereto. The parties further recognize that, by entering into this Agreement, Pixel Magic and First Impressions do not admit, and do specifically deny, the amount and extent of Cruz's damages, if any.

8. Indemnification: This Agreement in not intended to foreclose or preclude Cruz's claims asserted in the Lawsuit against Women and Infants' Hospital of Rhode Island. However, should Women and Infants' Hospital of Rhode Island bring any claim, including a cross-claim, counterclaim, or separate lawsuit, against Pixel Magic or First Impressions arising out of the

claims asserted by Cruz in the Lawsuit, Cruz agrees to indemnify Pixel Magic and First Impressions for any damages First Impressions or Pixel Magic may incur as a result of that claim by Women and Infants' Hospital of Rhode Island. Cruz further agrees to indemnify Pixel Magic and First Impressions for any attorney's fees First Impressions or Pixel Magic may incur as a result of any claim by Women and Infants' Hospital of Rhode Island, to be paid from the proceeds of any settlement or judgment Cruz may receive from Hartford or Women and Infants' Hospital of Rhode Island. Cruz agrees that First Impressions or Pixel Magic are entitled to a lien against any settlement or judgment Cruz may receive from Hartford or Women and Infants' Hospital to secure this attorney's fees indemnification obligation.

9. Severability: If any provision or term of this Agreement is held to be illegal, invalid, or unenforceable, such provision or term shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term there shall be added automatically as a part of this Agreement another provision or term as similar to the illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable.

10. Entire Agreement: With the exception of the Assignment, this Agreement constitutes the entire Agreement of the Parties, and supersedes all prior and contemporaneous negotiations and agreements, oral or written. All prior and contemporaneous negotiations and agreements are deemed incorporated and merged into this Agreement and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by either party in executing this Agreement other than the express representations of this Agreement. This Agreement cannot be changed or terminated without the express written consent of the Parties.

11. Duty to Cooperate: Pixel Magic and First Impressions further agree to cooperate with Cruz in connection with requests for information and documents or testimony in connection with the matter pending against Women and Infants' Hospital of Rhode Island.

12. Waiver: The failure of any Party hereto to object or to take affirmative action with respect to any conduct of the other which is a breach of any term of this Agreement shall not be construed as a waiver of any future breach or any subsequent wrongful conduct.

13. Counterparts: This Agreement may be signed in counterparts, each of which shall be deemed an original hereof, but all of which together shall constitute one and the same instrument.

14. Arbitration: The Parties shall submit any dispute arising out of this Agreement to arbitration before a mutually agreeable arbitrator. If the Parties cannot reach an agreement regarding selection of the arbitrator, each Party shall choose an arbitrator, and those arbitrators so chosen shall designate a third arbitrator that shall serve. Any arbitrator selected shall be neutral and have no conflicts of interest as to the Parties. The arbitration shall be conducted in

accordance with the rules and procedures of the American Arbitration Association in effect at the time of the arbitration.

15. Choice of Law: This Agreement shall be construed in accordance with and governed by the laws of Rhode Island.

16. Statement of Understanding: By executing this Agreement, the Parties represent and warrant that (a) they have read this Assignment and fully understand the terms and their import; (b) they have consulted with their respective attorneys prior to executing this Assignment; (c) any and all questions regarding the terms of this Assignment have been asked and answered to their complete satisfaction; (d) they have had a reasonable time to consider the terms of the Agreement, or they have waived any right to review the Agreement for such a period of time; (e) the consideration provided for herein is good and valuable; (f) this Agreement is entered into voluntarily, of the Parties' own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever.

EXECUTED in Providence, Rhode Island this 27th day of October, 2004.

**NICOLE MARIE CRUZ**

**GREGORY L. BOYER, ESQUIRE**
**Attorney for Nicole Marie Cruz**

EXECUTED in San Marcos, Texas this 11th day of NOVEMBER, 2004.

**PIXEL MAGIC IMAGING, INC.**

By: ______________________

Its COO

EXECUTED in San Marcos, Texas this 11Th day of November, 2004.

**FIRST IMPRESSIONS IMAGING, INC.**

By: ______________________

Its: CFO

______________________

**GEOFF UNGER, ESQ.**
**Attorney for Pixel Magic Imaging, Inc.**
**and First Impressions Imaging, Inc.**

"C"

## ASSIGNMENT

This Assignment (the "Assignment") is made and entered into as of this 27th day of October, 2004 (the "Effective Date"), by and between Nicole Marie Cruz ("Cruz"), on one hand, and First Impressions Imaging, Inc. ("First Impressions") and Pixel Magic Imaging, Inc. ("Pixel Magic"), on the other hand. Cruz, First Impressions and Pixel Magic will hereinafter be collectively referred to as the "Parties."

## RECITALS

WHEREAS, Cruz has filed an Amended Complaint against First Impressions in the Superior Court for the State of Rhode Island, Providence S.C. in Cause Number C.A. No. 04-1146, in a matter styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island, First Impressions Imaging, Inc., and John Doe Corporation* (the "Lawsuit");

WHEREAS, First Impressions and Pixel Magic are insured under and owners and beneficiaries of two insurance policies issued by Hartford Casualty Insurance Company ("Hartford") identified as Policy # 65 UUN IP 7399 ("Special Multi-Flex Policy") and Policy # 65 RHU IP5060 ("Umbrella Liability Policy"). The Special Multi-Flex Policy and the Umbrella Liability Policy will hereinafter be collectively referred to as the "Policies;"

WHEREAS, First Impressions and Pixel Magic notified Hartford of the Lawsuit and filed a claim under the Policies with Hartford related to the allegations in the Lawsuit, to which claim Hartford assigned file number YCH L 22281, requesting that Hartford provide First Impressions with a defense to and indemnity for the Lawsuit;

WHEREAS, Hartford refused coverage and refused to defend or indemnify First Impressions and Pixel Magic for the claims asserted in the Lawsuit in letters dated April 28, 2004 and June 4, 2004;

WHEREAS, Hartford's refusal to provide coverage to Pixel Magic and First Impressions gives rise to Pixel Magic and First Impressions's right to pursue various tort, contract, statutory and common law claims and causes of action against Hartford under Texas law for failure to defend and indemnify the claims asserted in the Lawsuit;

WHEREAS, the Parties have agreed to settle fully and finally, in the manner set forth in the Joint Tortfeasor Settlement Release and Indemnity Agreement signed concurrently herewith (the "Settlement Agreement"), all claims and causes of action of any kind asserted or assertable in the Lawsuit by an assignment to Cruz of Pixel Magic and First Impressions's rights against Hartford for denial of coverage;

NOW, THEREFORE, the Parties covenant and agree as follows:

1. Assignment. For and in consideration of Cruz's Release and Covenant Not to Execute against Pixel Magic and First Impressions for the One Million ($1,000,000.00) Dollar settlement reached between the Parties, Pixel Magic and First Impressions hereby

GRANT, CONVEY, and ASSIGN to Cruz and her legal representatives and assigns, any and all claims or causes of action (the "Assigned Claims") that Pixel Magic and First Impressions may have against Hartford for Hartford's refusal to defend or indemnify First Impressions and Pixel Magic from the Lawsuit. The Assigned Claims include any causes of action recognized under the laws of the State of Rhode Island or other applicable jurisdictions arising out of the refusal of Hartford to defend or indemnify, or provide coverage to, Pixel Magic and First Impressions for the claims asserted in the Lawsuit.

2. Entire Agreement: With the exception of the Settlement Agreement, this Assignment constitutes the entire Agreement of the Parties, and supersedes all prior and contemporaneous negotiations and agreements, oral or written. All prior and contemporaneous negotiations and agreements are deemed incorporated and merged into this Assignment and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by either party in executing this Assignment other than the express representations of this Assignment. This Assignment cannot be changed or terminated without the express written consent of the Parties.

3. Counterparts: This Agreement may be signed in counterparts, each of which shall be deemed an original hereof, but all of which together shall constitute one and the same instrument.

4. Statement of Understanding: By executing this Agreement, the Parties represent and warrant that (a) they have read this Assignment and fully understand the terms and their import; (b) they have consulted with their respective attorneys prior to executing this Assignment; (c) any and all questions regarding the terms of this Assignment have been asked and answer to their complete satisfaction; (d) they have had a reasonable time to consider the terms of the Agreement, or they have waived any right to review the Agreement for such a period of time; (e) the consideration provided for herein is good and valuable; (f) this Agreement is entered into voluntarily, of the Parties' own free will, and without any coercion, undue influence, threat, or intimidation of any kind whatsoever.

EXECUTED in Providence, Rhode Island this 27th day of October, 2004.

NICOLE MARIE CRUZ

GREGORY L. BOYER, ESQUIRE
Attorney for Nicole Marie Cruz



Gray Cary\AU\4132332.1
2504513-1

EXECUTED in San Marcos, Texas this 11th day of November, 2004.

**PIXEL MAGIC IMAGING, INC.**

By: ______________________

Its: COO

EXECUTED in San Marcos, Texas this 11th day of November, 2004.

**FIRST IMPRESSIONS IMAGING, INC.**

By: ______________________

Its: CFO

______________________

**GEOFF UNGER, ESQUIRE**
**Attorney for Pixel Magic Imaging, Inc.**
**and First Impressions Imaging, Inc.**



Gray Cary\AU\4132332.1
2504513-1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY Plaintiff, | § § § § | |
| -vs- | § | Civil Action No. A04CA1093LY |
| PIXEL MAGIC IMAGING, INC., FIRST IMPRESSIONS IMAGING, INC., and NICOLE MARIE CRUZ Defendants. | § § § § § | |

**DEFENDANT'S CRUZ'S VERIFIED SPECIAL APPEARANCE**

**and**

**SUBJECT TO SPECIAL APPEARANCE, DEFENDANT CRUZ'S MOTION TO QUASH SERVICE OF PROCESS; TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS AND IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO DISMISS OR TRANSFER TO PROPER AND MORE CONVENIENT VENUE**

Defendant, Nicole Marie Cruz ("Ms. Cruz"), asks this Court to sustain her verified special appearance through counsel she has appointed, and dismiss plaintiff's suit for lack of personal jurisdiction.

Subject to the ruling on special appearance, Ms. Cruz, moves, pursuant to Fed. R. Civ. P. 12(b) (2) (3) (4) & (5) and 28 U.S.C. 1391(a), that the above entitled action be dismissed. Dismissal of this action is proper for the reason that this Court lacks personal jurisdiction over Ms. Cruz, for insufficiency of service of process, and for improper venue. In the event that this Court maintains personal jurisdiction over Ms. Cruz and venue, Ms. Cruz asks this Court to quash service of process as to her and to dismiss this action as against her for lack of personal jurisdiction, insufficiency of service of process, and for improper venue. In the alternative, if it

be deemed in the interest of justice, under 28 U.S.C. 1406(a), for this Court to maintain this action without dismissal as to her, Ms. Cruz requests this action be transferred to the United States District Court of Rhode Island as a more proper venue.

A. Introduction

1. Plaintiff is Hartford Casualty Insurance Company ("Hartford"). The defendants are Ms. Cruz, First Impressions Imaging, Inc. ("First Impressions"), and First Impression's parent, Pixel Magic Imaging, Inc. ("Pixel Magic").

2. Hartford seeks a declaratory judgment as to whether an insurance policy issued by Hartford provides defense and indemnity coverage concerning an action by Ms. Cruz styled *Nicole Marie Cruz v. Women & Infants' Hospital of Rhode Island*, Cause No. 04-1146, filed in the Superior Court of Providence, Rhode Island, in March 2004 (the "Underlying Lawsuit"). Pixel Magic and First Impressions were insureds under two policies issued by Hartford. Pixel and First Impressions timely forwarded Ms. Cruz's complaint to Hartford, but Hartford denied defense and coverage.

3. Ms. Cruz settled the Underlying Lawsuit with Pixel Magic and First Impressions, effective as of October 27, 2004, with such settlement including an assignment by Pixel Magic and First Impressions in favor of Ms. Cruz of all common law claims and causes of action that the first two may have against Hartford. The settlement and assignment agreements are subject to Rhode Island law.

4. Hartford sued defendants in this matter for a declaratory judgment that Hartford has no duty to defend or indemnify any of the defendants, that Hartford has no duty to indemnify the defendants for the settlement in the Underlying Lawsuit, and that the assignment by Pixel Magic and First Impressions to Ms. Cruz is void and unenforceable.

5. Ms. Cruz here through her appointed attorney makes a special appearance pursuant to Texas Rule of Civil Procedure 120a as to the entire proceeding.

B. Facts

6. Ms. Cruz is not a resident of Texas. Ms. Cruz is an individual whose residence and domicile are in Rhode Island.

7. Ms. Cruz has never traveled to or through Texas.

8. Ms. Cruz does not engage in any trade or business with contacts in Texas.

9. Ms. Cruz has had no purposeful contacts with Texas.

10. Ms. Cruz has not purposely availed herself of the laws or protections of Texas.

11. Ms. Cruz has never owned property in Texas.

12. Attached as Exhibit A is an affidavit to this special appearance to establish the foregoing facts and incorporates the facts established in the affidavit by reference.

C. Argument & Authorities

*Lack of Personal Jurisdiction; Insufficiency of Service of Process*

13. The Texas long arm statute is coextensive with the confines of constitutional due process. *Schlobolm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the court needs only to conduct a single analysis concerning the constitutionality of personal jurisdiction. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

14. The rule on determining personal jurisdiction in Texas is as follows:

> To determine whether a federal district court sitting in diversity has personal jurisdiction over a nonresident defendant, the district court considers first whether exercising jurisdiction over the defendant comports with due process, and if due process is met, the district court turns to the extraterritorial jurisdictional rules of the state in which it sits to determine whether personal jurisdiction is conferred.

*Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003) (citing *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 282 (5th Cir. 1988)). The plaintiff bears the burden of establishing the district court's personal jurisdiction over a nonresident who moves for dismissal. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

15. To meet the constitutional test, two elements are required: (1) the defendant must have purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that he should reasonably anticipate being haled into court there; and (2) the exercise of jurisdiction over the defendant may not offend traditional notions of fair play and substantial justice. *Jones*, 954 F.2d at 1068.

16. The "minimum contacts" test gives rise to either general or specific personal jurisdiction. A defendant must have "continuous and systematic" contacts with the forum state for general personal jurisdiction. *Wilson*, 20 F.3d at 647. There is no basis for general personal jurisdiction here where Ms. Cruz has never resided in Texas, has never traveled to Texas, she owns no property in Texas, and she does not operate or carry-on a business with any ties to Texas.

17. For specific personal jurisdiction, the cause of action must relate to or arise from the defendant's contact with the forum state. *Id.* While the complaint states that Ms. Cruz's action in receiving an assignment of rights from the other defendants subjects her to jurisdiction in this forum, that act, alone, is insufficient to establish specific personal jurisdiction. Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (citing *Burger King v. Rudzewicz*, 471 U.S. 462 (1985)); *Magnolia Gas Co. v. Knight Equip. & Manuf. Corp.*, 994 S.W.2d 684, 691 (Tex.App.—San Antonio, 1988, no pet. history). Nor are negotiations with Texas companies enough to show minimum contacts with Texas. *Jones*, 954

F.2d at 1069. The assignment agreements themselves explicitly invoke Rhode Island law. The Hartford insurance policies are not distinctively tied to Texas in that the policies cover incidents and properties in states other than Texas. Indeed, the Underlying Lawsuit concerns an incident occurring in Rhode Island. Further, there is no forum clause in the policies calling for litigating in Texas, nor is there a choice of law clause calling on Texas law.

18. By accepting the assignment by Pixel Magic and First Impressions of their rights against Hartford, Ms. Cruz could not reasonably have anticipated that she would be subject to the jurisdiction of Texas. Ms. Cruz expected to litigate the matter in Rhode Island, and indeed, has already filed suit against Hartford on the same matter in Rhode Island. In sum, these facts do not suggest that Ms. Cruz purposely availed herself of the privilege of conducting activities in Texas and/or invoked the benefits and protections of Texas' law. *See Pandy Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

19. Addressing the second prong of personal jurisdiction, the relationship between the defendants, the forum, and this litigation, would offend traditional notions of fair play and substantial justice. First, it would be burdensome for Ms. Cruz to litigate this matter in Texas considering her status as an individual, her residence in Rhode Island, and her lack of financial resources as compared to Hartford. Presumably, Hartford can, and does, litigate policy claims in many different states.

20. Second, Texas would seem to have no real interest in adjudicating this dispute. Hartford does not allege that Ms. Cruz committed any act, omission, or tort, in Texas. After the assignment by Pixel Magic and First Impressions of their rights against Hartford in the insurance policies, the real party in interest now is Ms. Cruz, who is a resident of Rhode Island. In addition, the acts underlying the controversy occurred in Rhode Island. The plaintiff itself has a

principal place of business, not in Texas, but in Connecticut. Thus, there does not appear to be any Texas residents or interests that may be impacted by the present suit.

21. Third, Ms. Cruz filed suit against Hartford in the Providence County Superior Court in Rhode Island (Cause No. 05-0215), on January 14, 2005. It seems appropriate to obtain relief in a single forum and not to litigate the same issue in two forums.

22. Fourth, many of the witnesses and much of the evidence that Ms. Cruz proposes to present at trial are located in Rhode Island.

*Improper Venue*

23. In determining whether a particular venue is proper, courts look to the entire sequence of events underlying the claim, not just a single triggering event prompting the action. *See e.g., Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001) (stating that a diversity claim involving an insurance company for losses caused by damage to a yacht may be brought where the damage to the yacht occurred). Venue in the Western District of Texas is not proper in this case. Not all defendants reside in this district. 28 U.S.C. 1391(a)(1). No substantial part of the events or omissions giving rise to the claim occurred in Texas. 28 U.S.C. 1391(a)(2). There are other venues in which the action may be brought and in which all parties are subject to the venue's personal jurisdiction. 28 U.S.C. 1391(a)(3).

*More Convenient Venue*

24. In the alternative, even if venue is proper in the Western District of Texas, the District of Rhode Island is both a proper and convenient venue and the case should be transferred to the District of Rhode Island. *Toy Biz, Inc. v. Centuri Corp.*, 990 F.Supp.328, 330-331 (S.D. N.Y. 1998) (transfer of venue requires a balancing of conveniences). Under 28 U.S.C. 1404, a district court may change venue to another district where the suit might have been brought for the

convenience of parties and witnesses. Rhode Island is a proper venue is all parties are within the personal jurisdiction of Rhode Island. Hartford, Pixel Magic, and First Impressions, each have sufficient contacts with Rhode Island to make them each amenable to suit in that state.

25. The complaint suggests that there are outstanding fact issues on the existence of "bodily injury," "physical injury," an "occurrence," and "expected or intended injury." This means that the events in the Underlying Lawsuit will be relevant to adjudicating this case. Hence, Ms. Cruz expects to bring evidence in the form of witnesses who reside in Rhode Island, and physical evidence that is located in Rhode Island.

26. The first to file rule for priority in determining venue is not always dispositive. Hartford's attempt to secure venue in a forum inconvenient to Ms. Cruz should not be encouraged. *See Ontel Products, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1149-1150 (S.D.N.Y. 1995) (ruling that anticipatory filings often take the form of declaratory judgments and may be improper).

27. There is a pending state action in Rhode Island between Ms. Cruz and Hartford to resolve substantially the same issues of fact and law as are indicated in this suit.

D. Conclusion

28. Ms. Cruz does not have the minimum contacts with Texas to justify this forum's assumption of personal jurisdiction. Personal jurisdiction over Ms. Cruz in this forum offends traditional notions of fair play and substantial justice. Even if this Court maintains personal jurisdiction over Ms. Cruz, venue is not proper in Texas. The District of Rhode Island provides a proper and more convenient venue.

E. Prayer

29. For these reasons, defendant Ms. Cruz, asks this Court to sustain Ms. Cruz's special appearance and enter a final judgment dismissing plaintiff's cause of action.

30. Failing the foregoing, Ms. Cruz asks this Court to dismiss this action entirely for lack of personal jurisdiction, insufficiency of service of process, and improper venue. In the alternative, Ms. Cruz asks this Court to dismiss this action as against her for lack of personal jurisdiction, insufficiency of service of process, and improper venue.

31. In the alternative, if personal jurisdiction and venue are determined to be proper in this venue, Ms. Cruz asks this Court to transfer venue to a proper and more convenient venue in the District Court of Rhode Island.

Respectfully submitted,

**THE LAW FIRM OF MICHAEL SEAN QUINN**
2630 Exposition Blvd., Suite G-10
Austin, Texas 78703
(512) 542-9243 - Telephone
(512) 542-9249 - Telecopier

By: ______________________
Michael Sean Quinn
State Bar No. 16432900
Olga Seelig
State Bar No. 24002922

ATTORNEYS FOR DEFENDANT
Nicole Marie Cruz

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served by telecopy and/or certified mail, return receipt requested on this the 25 day of February, 2005, on the following:

John H. Marks, Jr.
Locke Liddell & Sapp LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

B. Russell Horton
Kincaid, Horton & Smith
106 E. 6th Street, Suite 500
Austin, Texas 78701

Olga Seelig

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY Plaintiff, | § | |
| -vs- | § | Civil Action No. A04CA1093LY |
| PIXEL MAGIC IMAGING, INC., FIRST IMPRESSIONS IMAGING, INC., and NICOLE MARIE CRUZ Defendants. | § | |

AFFIDAVIT OF NICOLE MARIE CRUZ

Defendant, Nicole Marie Cruz, submits this affidavit supporting her allegations in her Verified Special Appearance and Subject to Special Appearance, her Motion to Quash Service of Process; to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Service of Process and Improper Venue; or, in the Alternative, to Dismiss or Transfer to Proper and More Convenient Venue.

Before me, the undersigned notary, on this day personally appeared Nicole Marie Cruz, a person whose identity is known to me. After I administered an oath to her, upon her oath she said:

1. My name is Nicole Marie Cruz. I am capable of executing this affidavit. The facts stated in this affidavit are within my person knowledge and are true and correct.

2. My current, and life-long, residence and domicile is Rhode Island.

3. I have never traveled in or through Texas.

4. I am not engaged in a trade or business.

5. I have never conducted any trade or business in Texas.

EXHIBIT
A

6. I have not purposely availed myself of thc laws or protections of Texas.

7. I do not now, and never have, owned any property in Texas.

Nicole Marie Cruz

Nicole Marie Cruz

Sworn to and subscribed before me by Nicole Marie Cruz on Feb. 14, 2005.

Notary Public in and for the State of Rhode Island

My commission expires: 5-15-08

GREGORY L. BOYER
ATTORNEY AT LAW
SUITE 200, 170 WESTMINSTER STREET
PROVIDENCE, RHODE ISLAND 02903-2196

ADMITTED TO PRACTICE
RHODE ISLAND & WISCONSIN

(401) 490-5534
FACSIMILE
(401) 490-5536
BOYERLAW1@AOL.COM

December 7, 2004

William Turney
Home Office Consultant
The Hartford
Shelton Commercial Claims Center
2 Armstrong Road
P.O. Box 1000
Shelton, Connecticut 06484-1000

**Re: Nicole Marie Cruz v. Women & Infants' Hospital of RI, First Impressions Imaging, Inc., and John Doe Corporation**
**Your Insured: Pixel Magic Imaging, Inc.; First Impressions**
**Your File: YCH L 22281**
**Loss Date: 3/16/01**
**Policy Number: 65 UUN IP7399**
**Term: 8/31/00-8/31/01**
**Company: Hartford Casualty Insurance Company**
**Policy Number: 65 RHU IP5060**
**Term: 8/31/0008/31/01**
**Company: Hartford Casualty Insurance Company**

Dear Mr. Turney:

You had previously corresponded with your insured, First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., through their attorney, Geoffrey Unger, earlier in 2004. By your correspondence of June 4, 2004, and by correspondence of Carol Kowal, Claim Service Consultant, of April 28, 2004, you sent a letter refusing to defend and refusing to indemnify Pixel Magic Imaging, Inc., and First Impressions Imaging, Inc., with regard to a lawsuit filed on behalf of my client, Nicole Marie Cruz, in the Providence County Superior Court, C.A. Number 04-1146.

You are hereby notified of the settlement of this matter with First Impressions Imaging, Inc., and Pixel Magic Imaging, Inc., in the amount of One Million ($1,000,000.00) Dollars. You are further notified of the defendants' assignment of all rights under The Hartford policies to the plaintiff pursuant to the terms of the assignment granted to the plaintiff by the defendants and in accordance with the joint tort feasor release, copies of which documents are attached for your review.

Demand is hereby made for payment of the settlement, and, as indicated above, a copy of the joint tort feasor release is enclosed herewith. Failure to make payment of this settlement within thirty (30) days will result in the filing of suit in the Providence County Superior Court, plus a prayer for statutory interest.

Very truly yours,

Gregory L. Boyer

GLB:cag
Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

"F"

| | | |
|---|---|---|
| NICOLE MARIE CRUZ | : | |
| | : | |
| -vs- | : | C.A. NO. 05-38S |
| | : | |
| HARTFORD CASUALTY INSURANCE COMPANY | : | |
| | : | |

**AFFIDAVIT**

1. I, Nicole Marie Cruz, hereby make affidavit and say that I am the plaintiff listed in the current action pending in the United States District Court for the District of Rhode Island, and the defendant in the matter entitled *Hartford Casualty Insurance Company v. Pixel Magic Imaging, Inc., First Impressions Imaging, Inc., and Nicole Marie Cruz,* Civil Action No. A-04-CA-1093-LY, pending in the Western District of Texas, Austin Division.

2. I have limited financial resources and have retained counsel in Rhode Island on a contingency fee basis.

3. Through my counsel in Rhode Island, I have retained the Law Office of Sean Michael Quinn in Texas and have indebted myself on an hourly basis of $200.00 and $250.00 per hour for counsel who have entered an appearance on my behalf and filed motions to dismiss and, alternatively, transfer venue in the Texas action.

4. I do not have an ongoing financial ability to pay counsel in Texas on an hourly basis if

the matter proceeds, nor do I have the financial ability to travel to Texas should I be so required.

Nicole Marie Cruz

Subscribed and sworn to before me this 10th day of March, 2005.

Notary Public