UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NICOLE MARIE CRUZ,

Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY,

Defendant.

C.A. No. 05-38S

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I. Introduction

First Impressions Imaging, Inc. ("First Impressions"), is a provider of infant photography services. Nicole Cruz ("Cruz" or "Plaintiff") alleges that on or about March 16, 2001, after she gave birth to two stillborn children at Women & Infants' Hospital in Rhode Island, photos of her deceased children were taken by First Impressions and shown to her with words of congratulation printed on them. In response, on March 26, 2004, Cruz brought suit in Rhode Island Superior Court charging First Impressions and the hospital with emotional distress. Pixel Magic Imaging, Inc. ("Pixel"), the sole parent company of First Impressions, asked its insurer, Hartford Casualty Insurance Company ("Hartford" or "Defendant"), to retain counsel to defend First Impressions. Hartford refused, citing lack of coverage. Cruz, First Impressions, and Pixel, subsequently entered into a settlement

20

agreement dated October 27, 2004, whereby First Impressions and Pixel agreed to pay Cruz $1,000,000 solely under the Hartford policy. Pixel and First Impressions also assigned all their rights against Hartford to Cruz.

Cruz then sent a letter to Hartford dated December 7, 2004, notifying Hartford of the settlement and making a demand for payment. In the letter, Cruz notified Hartford of her intent to proceed with a suit against Hartford if payment was not made within thirty days. Hartford then filed a declaratory judgment action in the United States District Court for the Western District of Texas on December 28, 2004, Hartford Cas. Ins. Co. v. Pixel Magic Imaging, Inc., C.A. No. 04-CV-1093 (W.D. Tex.), seeking a declaration that the policy Hartford issued to Pixel does not provide coverage for the claims asserted by Cruz, and that Pixel's assignment of rights violated the terms of the policy and is unenforceable. Cruz then filed her suit against Hartford in Rhode Island Superior Court on January 14, 2005. Hartford subsequently removed the case to this Court and now brings a Motion to Transfer Venue. Meanwhile, Cruz has filed a Motion to Dismiss or Transfer the Texas case with the district court in Texas.

## II. The Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C.

§ 1404(a). "The decision is constrained by the general venue provisions of 28 U.S.C. § 1391 . . . ." Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 361 (D. Mass. 2002). Section 1391 states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced . . . .

"If these statutory hurdles are surmounted, the decision to transfer a case to a different forum under 1404(a) is a matter within the discretion of the court." Atari, 211 F. Supp. 2d at 362. One of the factors guiding a court's exercise of this discretion is a presumption that the first-filed action should prevail. As this Court has noted, "[t]he 'first-filed rule' rule is an equitable doctrine of venue selection followed universally: '[w]here identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision.'"[1] Feinstein v. Brown, 304 F. Supp. 2d 279, 280-81 (D.R.I. 2004) (quoting Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)). However, this

---

[1] Cruz does not dispute that the action she has filed with this Court and the action filed by Hartford in Texas are essentially identical for purposes of applying the first-to-file rule.

presumption may be overcome by a showing that the first-filed case constituted an improper anticipatory filing. See id. at 283 ("When the first-filed action is the result of a preemptive 'race to the courthouse,' a court may allow a later-filed case to proceed in place of the first-filed action.").

> The first-filed presumption can also be overcome by a showing that the balance of convenience favors the venue of the later-filed action. The factors traditionally weighed in the balance of convenience include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake.

Id.

III. Application of the Facts to the Law

Hartford argues, and Cruz does not contest, that Hartford is subject to personal jurisdiction in Texas. Furthermore, a number of the events giving rise to this action took place in Texas: the insurance policies were issued in Texas; Hartford's denial of coverage was issued to Pixel's Texas headquarters; and the settlement agreement was signed by Pixel in Texas. While Cruz herself is contesting personal jurisdiction in Texas and has pending a Motion to Dismiss for Lack of Personal Jurisdiction in the Texas action, Hartford nonetheless has satisfied the first part of its burden on its Motion to Change Venue before this Court. See Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 38 (D.R.I. 2003) ("The party moving to transfer venue has the burden

of clearly establishing that the action could have been brought in the first instance in the transferee district.").

Hartford next argues that the "interests of justice" require this Court to transfer this action to the Western District of Texas because: (1) the Texas case is the first-filed; (2) there is a risk of inconsistent verdicts if both actions are allowed to proceed as currently situated; and (3) Texas law will govern because the interpretation of the insurance contract will be made under the law of place of contracting, which in this case is Texas. Cruz responds by pointing out that application of the first-to-file rule is inappropriate in this case because Hartford's Texas filing constitutes an improper anticipatory filing. In addition, Cruz argues there is a state interest at stake, weighing in her favor, because Rhode Island has an interest in protecting its citizens from the type of harm alleged here. Finally, Cruz makes a convenience argument, arguing that pursuing this case in Texas would impose a significant financial burden on her.

Cruz's anticipatory filing argument is compelling. The timing of Hartford's filing does suggest, as Cruz alleges, that "Hartford seized upon th[e] 30-day period [Cruz had given Hartford to make payment] to file its own action in a jurisdiction far from the circumstances which gave rise to the underlying tort action, and to which jurisdiction [Cruz] has no ties." (Pl.'s Obj. at 2.) Furthermore, the plaintiff's choice of forum, the convenience of

the parties, and the state interest (to the extent the underlying tort occurred here) all seem to weigh in favor of Cruz. Meanwhile, the only factors that appear to weigh in favor of this Court granting Defendant's Motion to Transfer Venue are the prospect of inconsistent judgments and the relevance of Texas law.

However, despite this Court's inclination to hear this case in Rhode Island, based upon the merits of Cruz's arguments, "[c]ase law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." Ontel Products, Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 n.9 (S.D.N.Y. 1995). Thus, this Court will defer the ultimate decision on this matter to the court sitting in the Western District of Texas. In Weber-Stephen Products Co. v. Ivy Mar Co., Inc., No. 93 C 5462, 1994 WL 11711 (N.D. Ill. Jan. 13, 1994), a case involving a dispute sought to be litigated in both New York and Illinois, the District Court for the Northern District of Illinois stated that:

> The two certainties are that the dispute will go forward in any event and that it makes no sense to have to go forward both in New York and Illinois. But who should decide where and what should be done until that decision is made? Since the New York action was first filed we believe [the judge in New York] should decide which forum is the more appropriate -- but with a recognition that in the circumstances the 'first filed' doctrine is not a particularly compelling basis for the decision.

Id. at *1. So it is here. If the Texas Court grants the Motion to Transfer Venue, the matter will proceed in this Court (and this Court will be pleased to take it); on the other hand, if the court denies that Motion, this Court will grant Defendant's Motion to Transfer Venue and the cases will be heard in Texas. In either event, the interests of judicial economy will be served.

IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS that Defendant's Motion to Transfer Venue be DEFERRED pending resolution of Plaintiff's Motion to Dismiss or Transfer awaiting ruling in the Western District of Texas. The Clerk is directed to transmit a copy of this Order to the Judge presiding over the action in the Western District of Texas.

IT IS SO ORDERED.

William E. Smith
United States District Judge
Dated: 5/20/05